■ In the Matter of CHIMERE C. SAINT DOMINIC'S HOME, Respondent; CASSANDRA C. et al., Appellants. In the Matter of STANLEY C. SAINT DOMINIC'S HOME, Respondent; CASSANDRA C., Appellant. [686 NYS2d 775] —In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights (1) the mother, Cassandra C., appeals (a), as limited by her brief, from so much of a resettled fact-finding and dispositional order of the Family Court, Queens County (Friedman, J.), dated February 11, 1997, as, after fact-finding and dispositional hearings, terminated her parental rights to the child Stanley C., and committed the child to the custody of the Commissioner of Social Services for the purposes of adoption, and (b) from a fact-finding and dispositional order of the same court, dated February 11, 1997, which, after fact-finding and dispositional hearings, terminated her parental rights to the child Chimere C., and committed the child to the custody of the Commissioner of Social Services for the purposes of adoption, and (2) the alleged father of the child Stanley C. appeals, as limited by his brief, from so much of the resettled fact-finding and dispositional order dated February 11, 1997, as, after fact-finding and dispositional hearings, terminated his parental rights to the child Stanley C., and committed the child to the custody of the Commissioner of Social Services for the purposes of adoption.

Ordered that the resettled order dated February 11, 1997, as to the child Stanley C., and the order dated February 11, 1997, as to the child dated Chimere C., are affirmed insofar as appealed from by the mother, without costs or disbursements; and it is further,

Ordered that the resettled order dated February 11, 1997, is reversed insofar as appealed from by the father, without costs or disbursements, and the matter is remitted to Family Court, Queens County, for a new fact-finding hearing as to the father.

In these related proceedings to terminate parental rights based on permanent neglect, the agency declined to prosecute

the father on the petition to terminate parental rights as to the child Stanley C., choosing to proceed only against the mother. Consequently, the father was not allowed to participate in the fact-finding hearing. After the dispositional phase of the proceeding, in which the father was allowed to participate, the Family Court, *inter alia*, terminated the father's rights. This was error.

It is well settled that constitutional due process must be accorded a parent at a State-initiated proceeding to terminate parental rights (*see, Santosky v Kramer,* 455 US 745). Indeed, "[w]hen the State moves to destroy weakened familial bonds, it must provide the parents with fundamentally fair procedures" (*Santosky v Kramer, supra,* at 753-754). The father's parental rights could have only been terminated upon clear and convincing proof of permanent neglect (*see,* Social Services Law § 384-b [3] [g]; [4]; *Matter of Michael B.,* 80 NY2d 299). We find that the father was denied his fundamental right to due process inasmuch as he was not allowed to participate in the fact-finding hearing and accordingly, the matter is remitted for a new hearing as to him.

The mother appeared at the fact-finding hearing on the two petitions although she failed to appear at the dispositional hearing. Under those circumstances, we have rejected the agency's contention that the appeal should be dismissed and have considered the merits.

Contrary to the mother's contentions, however, we find that the respondent met its burden of establishing, by clear and convincing evidence, that despite its diligent efforts to encourage and strengthen the parental relationship, she permanently neglected her children by failing to plan for their future (*see, Matter of Natanya Sharay G.,* 232 AD2d 487; *Matter of Lameek L.,* 226 AD2d 464). The mother's repeated failure to complete a drug program, obtain counseling, and maintain contact with her children evidenced her failure to plan for their return (*see, Matter of Stephen Anthony M.,* 237 AD2d 363). Accordingly, the Family Court's findings of fact that the children were permanently neglected by the mother were proper. Ritter, J. P., Santucci, McGinity and Florio, JJ., concur.