■ In the Matter of ANTOINE R., Also Known as ANTOINE LASHAWN R., a Child Alleged to be Neglected. ANGEL GUARDIAN CHILDREN AND FAMILY SERVICES, Respondent; HILLIVI R., Also Known as HILLIVI LAMORNE R., Also Known as HILIVI R., Also Known as HILLIVI W., Appellant. (Proceeding No. 1.) In the Matter of LAQUAWN R., Also Known as LAQUAWN WENDELL R., Also Known as LEQUON R., Also Known as LEQUAN R., Also Known as LAQUAWN W., a Child Alleged to be Neglected. ANGEL GUARDIAN CHILDREN AND FAMILY SERVICES, Respondent; HILLIVI R., Also Known as HILLIVI LAMORNE R., Also Known as HILIVI R., Also Known as HILLIVI W., Appellant. (Proceeding No. 2.) In the Matter of WILLIAM R., a Child Alleged to be Neglected. ANGEL GUARDIAN CHILDREN AND FAMILY SERVICES, Respondent; HILLIVI R., Also Known as HILLIVI LAMORNE R., Also Known as HILIVI R., Also Known as HILLIVI W., Appellant. [753 NYS2d 735] —In three related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of three orders of fact-finding and disposition of the Family Court, Kings County (Elkins, J.) (one as to each child), one dated July 9, 2001, and two dated July 10, 2001, as, after a hearing, found that she permanently neglected the subject children, terminated her parental rights, and transferred custody of the children for purposes of adoption.

Ordered that the orders are affirmed insofar as appealed from, without costs or disbursements.

Contrary to the mother's contention, the evidence established that the petitioner made diligent efforts to assist her in maintaining substantial contact with and planning for her children (see Social Services Law § 384-b; Matter of Star Leslie W., 63 NY2d 136; Matter of Nancy O., 295 AD2d 616). The petitioner, among other things, arranged drug rehabilitation counseling and parenting skills classes, and scheduled visits with the children. The Family Court's findings of permanent neglect were supported by clear and convincing evidence that, despite the petitioner's diligent efforts, the mother failed to take advantage of the services provided and to otherwise plan for the future of her children (see Matter of Nancy O., supra). Feuerstein, J.P., Krausman, Mastro and Rivera, JJ., concur.