■ In the Matter of EBONY STARR B., Also Known as EBONY B. ST. MARY'S CHILDREN AND FAMILY SERVICES, Doing Business as ANGEL GUARDIAN-ST. MARY'S CHILDREN AND FAMILY SERVICES, Appellant; EVA B., Respondent. [787 NYS2d 393]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the petitioner appeals, as limited by its brief, from so much of the order of the Family Court, Kings County (Elkins, J.), dated January 27, 2004, as, after a fact-finding hearing, denied the petition and dismissed the proceeding.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, the petition is granted, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing, to be conducted as expeditiously as possible, in accordance herewith.

In order to terminate parental rights based upon permanent neglect, the appellant was required to establish, by clear and convincing evidence, that the mother failed, for a period of more than one year following the date the child came into the appellant's care, "substantially and continuously or repeatedly to

maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]). The appellant satisfied its burden of proving permanent neglect by establishing that the mother failed to complete several drug treatment programs and a parenting skills class and failed to maintain regular contact with her child, all of which were a necessary part of the plan for the child's return, despite the diligent efforts by the appellant to encourage and strengthen the parent-child relationship (*see Matter of Star Leslie W.*, 63 NY2d 136 [1984]; *Matter of Chimere C.*, 259 AD2d 615 [1999]; *Matter of Stephen Anthony M.*, 237 AD2d 363 [1997]; *Matter of Hasson B.*, 219 AD2d 649, 650 [1995]; *Matter of Marcel F.*, 212 AD2d 705 [1995]). Thus, upon a finding of permanent neglect, the matter must be remitted to the Family Court, Kings County, for the dispositional hearing to be conducted as expeditiously as possible, to determine the best interests of the child (*see* Family Ct Act §§ 623, 625 [a]; § 631). H. Miller, J.P., Crane, Spolzino and Skelos, JJ., concur.