■ In the Matter of JAMEEK P., Also Known as JAHMEEK P. LITTLE FLOWER CHILDREN'S SERVICES, Respondent; PATRICIA PAMELA P., Also Known as PATRICIA P., Appellant. (Proceeding No. 1.) In the Matter of ONIQUA PATRICE P. ST. JOSEPH SERVICES FOR CHILDREN AND FAMILIES, Respondent; LITTLE FLOWER CHILDREN'S SERVICES, Intervenor-Respondent; PATRICIA PAMELA P., Appellant. (Proceeding No. 2.) In the Matter of SHANTONIA NICOLE A. ST. JOSEPH SERVICES FOR CHILDREN AND FAMILIES, Respondent; LITTLE FLOWER CHILDREN'S SERVICES, Intervenor-Respondent; PATRICIA PAMELA P., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of OHMARNIE MARY P. ST. JOSEPH SERVICES FOR CHILDREN AND FAMILIES, Respondent; LITTLE FLOWER CHILDREN'S SERVICES, Intervenor-Respondent; PATRICIA PAMELA P., Appellant. (Proceeding No. 4.) In the Matter of NASTAZIA DELORES P. ST. JOSEPH SERVICES FOR CHILDREN AND FAMILIES, Respondent; LITTLE FLOWER CHILDREN'S SERVICES, Intervenor-Respondent; PATRICIA PAMELA P., Appellant. (Proceeding No. 5.) In the Matter of JAHNIA PATREKA P. ST. JOSEPH SERVICES FOR CHILDREN AND FAMILIES, Respondent; LITTLE FLOWER CHILDREN'S SERVICES, Intervenor-Respondent; PATRICIA PAMELA P., Appellant. (Proceeding No. 6.) [790 NYS2d 547]—

In six related proceedings pursuant to Social Services Law § 384-b to terminate parental rights, the mother appeals from six orders of disposition (one as limited by her brief) of the Family Court, Kings County (Elkins, J.), all dated December 8, 2003 (one as to each child), which, after fact-finding and dispositional hearings, terminated her parental rights with respect to the subject children on the ground of permanent neglect and transferred custody and guardianship rights jointly to Little Flower Children's Services and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the orders of disposition in proceedings Nos. 1, 2, and 4 through 6 are affirmed and the order of disposition in proceeding No. 3 is affirmed insofar as appealed from, without costs or disbursements.

To establish permanent neglect as a basis for terminating parental rights, the petitioner is required to show that the parent "failed for a period of more than one year following the date [that the] child[ren] came into [its] care . . . substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]; *see Matter of Star Leslie W.,* 63 NY2d 136 [1984]; *Matter of Sheila G.,* 61 NY2d 368 [1984]). Here it was established by clear and convincing evidence that Little Flower Children's Services and its predecessor, St. Joseph Services for Children and Families, made diligent attempts to strengthen the relationships between the appellant and the subject children and that, despite these efforts, the mother remained either indifferent or uncooperative to correcting the conditions that led to the removal of the subject children from the home (*see Matter of Michael B.,* 80 NY2d 299 [1992]; *Matter of Sheila G., supra; Matter of Shantelle W.,* 185 AD2d 935 [1992]).

Further, the mother's failure to utilize the social services and other resources which were available to her evidenced her unwillingness to plan for the future of the subject children or their return to her care (*see Matter of Antonio Alexis V.,* 293 AD2d 683 [2002]; *Matter of Sonia H.,* 177 AD2d 575 [1991]; *Matter of June Y.,* 128 AD2d 538 [1987]). In addition, the evi-

dence adduced at the dispositional hearing demonstrated that the subject children's best interests would be served by terminating the mother's parental rights and freeing them for adoption by their foster parents (*see Matter of Tiwana M.,* 267 AD2d 144 [1999]; *Matter of Brandon W.,* 262 AD2d 644 [1999]; *Matter of Maldrina R.,* 219 AD2d 723 [1995]).

The mother's remaining contentions are without merit. Schmidt, J.P., Santucci, Luciano and Mastro, JJ., concur.