■ In the Matter of LAURAMARIE ADDIE W. LAKESIDE FAMILY & CHILDREN'S SERVICES, Respondent; LAURA W. et al., Appellants. [794 NYS2d 120]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights, inter alia, on the ground of permanent neglect, the mother and father separately appeal from so much of an order of fact-finding and disposition of the Family Court, Kings County (Staton, J.), dated June 18, 2003, as, after hearings, found that each of them permanently neglected the subject child and terminated each parent's parental rights and transferred custody and guardianship to the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

To terminate parental rights based upon permanent neglect, the petitioning agency must establish, by clear and convincing evidence, that the parents failed, for a period of more than one year following the date the child came into care, "substantially and continuously or repeatedly to maintain contact with or plan

for the future of the child, although physically and financially able to do so, notwithstanding [the Ageny's] diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]; *see Matter of Star Leslie W.,* 63 NY2d 136, 142-143 [1984]; *Matter of Sheila G.,* 61 NY2d 368, 381-386 [1984]). The agency met its burden of proving permanent neglect by establishing that the appellants failed to maintain regular contact with the child, failed to actively involve themselves in the child's medical care, and failed to secure adequate housing and steady employment, all of which were a necessary part of the plan for the child's return, despite the agency's diligent efforts to strengthen and encourage the parent-child relationship (*see Matter of Star Leslie W., supra; Matter of Ebony Starr B.,* 14 AD3d 507 [2005]; *Matter of Chimere C.,* 259 AD2d 615 [1999]).

The Family Court, in the exercise of its discretion, properly concluded that termination of parental rights was in the child's best interest. The appellants failed to maintain regular contact with the child, who had remained continuously in placement for almost nine years since shortly after her birth until the date of the Family Court order terminating their parental rights. Their sporadic visitation evinced a fundamental lack of commitment to the child.

The appellants' remaining contentions are without merit. Schmidt, J.P., Santucci, Rivera and Spolzino, JJ., concur.