In the Matter of ASHEY LORRAINE R., Also Known as ASHLEY LORRAINE R., ASHEY R., ASHLEY R., ASHLEY LORRAINE C., and ASHLEY C., an Infant. ST. CHRISTOPHER-OTTILIE, Respondent; IDA MARILINE C.R., Also Known as IDA R. and IDA C., Appellant. (Proceeding No. 1.) In the Matter of BRYANT C., an Infant. ST. CHRISTOPHER-OTTILIE, Respondent; IDA MARILINE C.R., Also Known as IDA R. and IDA C., Appellant. (Proceeding No. 2.) [804 NYS2d 348]—

In two proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from two orders of fact-finding and disposition of the Family Court, Kings County (Elkins, J.) (one as to each child), both dated June 4, 2004, which, after fact-finding and dispositional hearings, found that she permanently neglected the subject children, terminated her parental rights, and

transferred custody and guardianship of the subject children to the Commissioner of Social Services of the City of New York and St. Christopher-Ottilie for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed, without costs or disbursements.

Contrary to the appellant's contention, the evidence presented at the fact-finding hearing established that the respondent made diligent efforts to assist her in planning for the future of her children (see Social Services Law § 384-b). While the appellant did participate in some aspects of the reunification plan, she repeatedly demonstrated her inability to place the needs of her children above her own, by, inter alia, refusing to support one of her children with respect to her valid claims of sexual abuse. This inability demonstrated that the appellant was unable to resume her parental responsibilities (see Matter of Christian Lee R., 9 AD3d 275 [2004]; Matter of Cassandra JJ., 284 AD2d 619, 620 [2001]; Matter of Lisa Z., 278 AD2d 674 [2000]). Thus, the Family Court's finding that the appellant permanently neglected her children was supported by clear and convincing evidence (see Matter of Sheila G., 61 NY2d 368, 384-385 [1984]).

In light of the fact that the children had bonded with their respective foster parents, who wished to adopt them, and that the appellant was not able to gain the trust of her children and failed to successfully interact with them, the Family Court properly found that the best interests of the children would be served by terminating the appellant's parental rights and freeing the children for adoption (see Matter of Crystal C., 219 AD2d 601, 602 [1995]). Contrary to the appellant's contentions, the Family Court's determination not to suspend judgment was a provident exercise of its discretion under the circumstances (see Matter of Travis Devon B., 295 AD2d 205, 206 [2002]). Adams, J.P., Luciano, Mastro and Skelos, JJ., concur.