In the Matter of DUSTIN H. SEAMAN'S SOCIETY FOR CHILDREN AND FAMILIES, Respondent; PATRICIA B., Appellant, et al., Respondent. (Appeal No. 1.) In the Matter of REANNE B. SEAMAN'S SOCIETY FOR CHILDREN AND FAMILIES, Respondent; PATRICIA B., Appellant, et al., Respondent. (Appeal No. 2.) [891 NYS2d 470]—

To terminate parental rights based upon permanent neglect, the petitioning agency must establish, by clear and convincing evidence, that the parent failed, for a period of more than one year following the date the child came into care, "substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially

able to do so, notwithstanding . . . diligent efforts to encourage and strengthen the parental relationship" (Social Services Law § 384-b [7] [a]; *see Matter of Star Leslie W.,* 63 NY2d 136, 142-143 [1984]; *Matter of Lauramarie Addie W.,* 18 AD3d 473, 473-474 [2005]). Here, the petitioner met its burden by establishing that, during the relevant time period, the mother failed to complete an alcohol treatment program, failed to complete a counseling program, and failed to take the steps needed to obtain public assistance, despite the petitioner's diligent efforts to strengthen and encourage the parent-child relationship (*see Matter of Star Leslie W.,* 63 NY2d at 143-144; *Matter of Ebony Starr B.,* 14 AD3d 507, 508 [2005]). Furthermore, the Family Court properly determined that termination of parental rights was in the children's best interest.

The mother's remaining contention is without merit. Dillon, J.P., Florio, Balkin and Leventhal, JJ., concur.