■ In the Matter of JOAQUIN ENRIQUE C., III, A Child Alleged to be Permanently Neglected. ANNA JULIA F., Appellant; THE CHILDREN's AID SOCIETY et al., Respondents. [912 NYS2d 219]—

Order of disposition, Family Court, New York County (Susan K. Knipps, J.), entered on or about October 20, 2009, which, upon a fact-finding determination that the appellant mother permanently neglected her child, terminated her parental rights, and committed the care and custody of the child to petitioner agency and the Commissioner of Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

Clear and convincing evidence established that the agency satisfied its threshold statutory obligation of making diligent efforts to encourage and strengthen the parental relationship by arranging regular visits, referring the mother to parenting skills classes for special needs children, a CPR course and individual therapy, and monitoring her progress (Social Services Law § 384-b [7] [a]; *see Matter of Toshea C.J.*, 62 AD3d 587 [2009]).

Clear and convincing evidence also established that appellant failed to plan for the child's future. The mother's assertion that the child's injuries may have occurred while in the care of another was inconsistent with the medical evidence, which showed

that as a result of "shaken baby syndrome," the child's injuries, including subdural hematomas, retinal hemorrhages and broken ribs, were inflicted on more than one occasion. Given the unusually demanding requirements of caring for a medically fragile child such as the subject child and the mother's failure to gain insight into the cause of the injuries, the finding of neglect was supported by the record (see Matter of Nathaniel T., 67 NY2d 838, 842 [1986]; Matter of Irene C. [Reina M.], 68 AD3d 416 [2009]). In addition, the mother failed to plan for the child's future due to her lack of awareness of the severity of his injuries and her failure to take an active role in implementing his various therapies.

The child has been with the same foster mother since he was three months old, and she wishes to adopt him. The foster mother not only provides a nurturing environment, but also puts extraordinary efforts into attending to the child's extensive medical and therapeutic needs, and as a result, he has made remarkable progress in her care. In contrast, the mother lacks insight into the severity of her child's injuries and the demanding schedule of therapies involved in his care, failed to perform even one therapy with him, removed a medically required eye patch and ignored the restrictions of his dietary needs. Consequently, although the mother was loving toward her child, she was poorly equipped to handle his medical needs. Thus, a preponderance of the evidence established that terminating her parental rights would be in the child's best interests (see Matter of Mykle Andrew P., 55 AD3d 305 [2008]). Concur—Gonzalez, P.J., Catterson, Acosta, Richter and Abdus-Salaam, JJ.