■ In the Matter of DAMON BRUCE W., JR., a Child Alleged to be Permanently Neglected. YVONNE M.G., Appellant; THE CHILDREN'S AID SOCIETY, Respondent. [917 NYS2d 184]—

Order of disposition, Family Court, Bronx County (Gayle P. Roberts, J.), entered on or about December 11, 2009, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child and committed the custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children's Services

for the purpose of adoption, unanimously affirmed, without costs.

Family Court's determination that the mother permanently neglected the child was supported by clear and convincing evidence. The record is replete with clear and convincing evidence that the agency exercised diligent efforts to strengthen the mother's relationship with the child (*see* Social Services Law § 384-b [7] [a]). Those efforts included, among other things, furnishing the mother with a service plan tailored to her individualized needs and diligently fostering her reunification with the child by providing her with visitation, notice of the child's medical appointments, and referrals to various support and treatment programs. The efforts were exercised to no avail. The service plan required, among other things, that the mother complete a drug rehabilitation program and attend a CPR course for the child's special needs. The mother's recalcitrance was palpably demonstrated by the undisputed evidence that she failed to complete either program during the statutory period and failed to comply with random drug tests as required by the service plan (*see Matter of Elijah Jose S. [Jose Angel S.]*, 79 AD3d 533, 533-534 [2010]; *Matter of Carol Anne Marie L. [Melissa L.]*, 74 AD3d 643, 644 [2010]). Clearly, this shows that the mother "substantially and continuously or repeatedly" failed to "plan for the future of the child" (Social Services Law § 384-b [7] [a]).

Additionally, a preponderance of the evidence demonstrates that the child's best interests are served by terminating the mother's parental rights. The child has been living with his foster mother, who is his paternal aunt, since 2006. The foster mother has provided the child with a safe and nurturing home, and the evidence indicates that she is attentive to the child's medical needs. In contrast, the mother admittedly failed to complete a drug rehabilitation program during the statutory period as well as a CPR training course, which could have been completed in a single day (*see Matter of Joaquin Enrique C. [Anna Julia F.]*, 79 AD3d 548, 548-549 [2010]. The mother's request for a suspended judgment is unpreserved. Notwithstanding this, suspended judgment would not be warranted in light of the mother's testimony that her drug use never threatened the child's safety. This demonstrates the mother's failure to appreciate the gravity of her shortcomings and further substantiates that freeing the child for adoption was in his best interests (*see Matter of Juan A. [Nhaima D.R.]*, 72 AD3d 542, 543 [2010]). Concur—Tom, J.P., Sweeny, Acosta, Renwick and Manzanet-Daniels, JJ.