Orders of fact-finding and disposition, Family Court, New York County (Susan K. Knipps, J.), entered on or about February 5, 2013, which, upon a finding that respondent mother permanently neglected the subject children, terminated respondent’s parental rights, and committed the custody of the children to the Commissioner of Social Services and petitioner agency for purposes of adoption, unanimously affirmed, without costs.
Clear and convincing evidence supports the court’s findings that, despite the agency’s diligent efforts to encourage and strengthen the parental relationship with the three children, respondent failed to maintain contact with or plan for the future of the children (see Social Services Law § 384-b [7] [a]). The agency explained the importance of visitation, encouraged respondent to visit, and facilitated visitation; yet respondent failed to attend approximately one half of the scheduled visits and offered insubstantial excuses for her failure (see Matter of Paul Antoine Devontae R. [Paul R.], 78 AD3d 610 [1st Dept 2010], lv denied 16 NY3d 707 [2011]; Matter of Emily A., 216 AD2d 124 [1st Dept 1995]). Respondent’s sporadic and inconsistent visitation, as well as her inattention to the children observed during at least one visit, prevented her from developing close relation *481 ships with the children (see Matter of Jonathan M., 19 AD3d 197 [1st Dept 2005], lv denied 5 NY3d 798 [2005]).
The agency referred respondent to an appropriate parenting class and, among other things, kept her informed of medical appointments for the twin boys, who have special needs (see Matter of Damon Bruce W. [Yvonne M.G.], 81 AD3d 552 [1st Dept 2011], lv denied 17 NY3d 701 [2011]). Although respondent completed the parenting course, she failed to attend the twins’ scheduled medical appointments, and demonstrated a lack of understanding and insight into the twins’ diagnoses, medications and medical treatment (see Matter of Nahia M., 39 AD3d 918 [3d Dept 2007]; Matter of Lenny R., 22 AD3d 240 [1st Dept 2005], lv denied 6 NY3d 708 [2006]).
A preponderance of the evidence supports the court’s determination that the termination of respondent’s parental rights, rather than a suspended judgment, is in the children’s best interests (see generally Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). For most of their lives, the children have lived with foster families, who have appropriately provided for their needs, including the twins’ special needs, and with whom the children have developed strong relationships (see Matter of Isiah Steven A. [Anne Elizabeth Pierre L.], 100 AD3d 559 [1st Dept 2012], lv denied 20 NY3d 859 [2013]; Matter of Lenny R., 22 AD3d at 240). Concur — Mazzarelli, J.P., Friedman, Renwick, DeGrasse and Gische, JJ.