■ In the Matter of DEVON M. SEAMEN'S SOCIETY FOR CHILDREN AND FAMILIES, Respondent; DINA J., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of DEVONIQUA M. SEAMEN'S SOCIETY FOR CHILDREN AND FAMILIES, Respondent;

DINA J., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of DEVONIQUE M. SEAMEN'S SOCIETY FOR CHILDREN AND FAMILIES, Respondent; DINA J., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of DEVONTAY D.M. SEAMEN'S SOCIETY FOR CHILDREN AND FAMILIES, Respondent; DINA J., Appellant, et al., Respondent. (Proceeding No. 4.) In the Matter of DEVONTAYA D.M. SEAMEN'S SOCIETY FOR CHILDREN AND FAMILIES, Respondent; DINA J., Appellant, et al., Respondent. (Proceeding No. 5.) [989 NYS2d 352]—

In five related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, as limited by her brief, from so much of five orders of fact-finding and disposition (one as to each child) of the Family Court, Richmond County (Lim, J.), each dated August 13, 2012, as, after fact-finding and dispositional hearings (McElrath, J., at the fact-finding hearing), found that the mother had permanently neglected the subject children, terminated her parental rights, and transferred custody and guardianship of the subject children to the Commissioner of the Administration for Children's Services of the City of New York and the Seamen's Society for Children and Families for the purpose of adoption.

Ordered that the orders of fact-finding and disposition are affirmed insofar as appealed from, without costs or disbursements.

The finding of permanent neglect with respect to the mother was supported by evidence that the petitioner made diligent efforts to strengthen the bond between her and the subject children, and that the mother failed to plan for the children's future (*see* Social Services Law § 384-b [7]; *Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of Jada Ta-Toneyia L.*, 66 AD3d 901, 902 [2009]). These efforts included facilitating visitation, providing her with referrals, and holding numerous meetings to review her service plan (*see Matter of Elijah P. [C.I.P.]*, 76 AD3d 631, 632 [2010]; *Matter of Jada Ta-Toneyia L.*, 66 AD3d at 902; *Matter of Sorin P.*, 58 AD3d 743, 744 [2009]; *Matter of Antoine R.*, 301 AD2d 529 [2003]). Despite these efforts, the mother failed to complete the service plan, thereby failing to plan for the children's future (*see Matter of Jada Ta-Toneyia L.*, 66 AD3d at 902; *Matter of Michelle Rennee H.*, 48 AD3d 684, 684-685 [2008]).

Moreover, the Family Court properly determined that it was in the best interests of the children to be freed for adoption (*see Matter of Elijah P. [C.I.P.]*, 76 AD3d at 632; *Matter of Jada Ta-*

*Toneyia L.*, 66 AD3d at 902; *Matter of Sorin P.*, 58 AD3d at 744; *Matter of Daevon Lamar P.*, 48 AD3d 469, 470 [2008]; *Matter of Ashey Lorraine R.*, 22 AD3d 671 [2005]). In light of evidence that the mother, inter alia, was not cooperating with the service plan, was not allowing caseworkers access to her home, and was not consenting to special education evaluations for two of the subject children, the Family Court's determination not to suspend judgment was a provident exercise of discretion (*see Matter of Ashey Lorraine R.*, 22 AD3d 671 [2005]; *Matter of Albert E.*, 259 AD2d 315 [1999]). Dillon, J.P., Hall, Sgroi and Barros, JJ., concur.