■ In the Matter of Dayyana M. Orange County Department of Social Services, Respondent; Autumn M., Appellant. [995 NYS2d 748]—

In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals from an order of fact-finding and disposition of the Family Court, Orange County (Klein, J.), entered April 4, 2013, which, after fact-finding and dispositional hearings, found that she permanently neglected the subject child, terminated her parental rights, and transferred custody and guardianship of the child to the Orange County Department of Social Services for the purpose of adoption.

Ordered that the order of fact-finding and disposition is affirmed, without costs or disbursements.

The Family Court properly found that the mother perma-

nently neglected the subject child. The petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (*see* Social Services Law § 384-b [7]; *Matter of Sheila G.*, 61 NY2d 368, 380-381 [1984]; *Matter of Melisha M.H. [Sheila B.R.]*, 119 AD3d 788 [2014]). These efforts included scheduling and facilitating visitation, referring the mother to parenting classes, monitoring the mother's participation in the mental health treatment program she selected, meeting with the mother to review the service plan, and explaining the importance of complying with the plan (*see Matter of Devon M. [Dina J.]*, 119 AD3d 864 [2014]; *Matter of Melisha M.H. [Sheila B.R.]*, 119 AD3d 788 [2014]). The mother contends that the petitioner failed to specifically tailor its efforts to her individual situation because it did not take sufficient steps to ensure that she obtained a mental health evaluation and treatment. However, the mother's caseworker testified at the hearing that the mother wished to have her own attorney, rather than the caseworker, provide her with a referral for mental health evaluation and treatment. The evidence presented at the hearing established that the mother did in fact obtain an evaluation and schedule appointments at the mental health treatment program that she selected, but did not keep her appointments for treatment, and maintained that the treatment was unnecessary. The mother also failed to complete parenting classes and maintain regular visitation with the child. An agency that has exercised diligent efforts but is faced with an uncooperative parent is deemed to have fulfilled its statutory obligation (*see Matter of Star Leslie W.*, 63 NY2d 136, 142 [1984]; *Matter of "Baby Boy" P. [Irena P.]*, 115 AD3d 861 [2014]; *Matter of Kevin L. [Jose L.L.]*, 102 AD3d 695 [2013]; *Matter of John M. [Raymond K.]*, 82 AD3d 1100 [2011]; *see also Matter of Elijah D.W. [Tamica S.E.]*, 118 AD3d 812 [2014]). Under these circumstances, the Family Court properly found that, despite diligent efforts by the petitioner, the mother failed to adequately plan for the subject child's future, and, therefore, permanently neglected her (*see Matter of "Baby Boy" P. [Irena P.]*, 115 AD3d 861 [2014]; *see also Matter of Jameek P.*, 16 AD3d 420, 421 [2005]).

The Family Court also properly determined that termination of parental rights, rather than the entry of a suspended judgment, was in the best interests of the subject child (*see* Family Ct Act § 631; *Matter of Devon M. [Dina J.]*, 119 AD3d 864 [2014]; *Matter of Gianni D.M. [Herbert M.]*, 118 AD3d 1003 [2014]; *Matter of Jessica C. [Johanna B.]*, 117 AD3d 1044 [2014]). Eng, P.J., Dillon, Maltese and Duffy, JJ., concur.