■ In the Matter of SARAH C. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; OLIVIA C., Appellant. [7 NYS3d 569]—

Appeal from an order of disposition of the Family Court, Suffolk County (David Freundlich, J.), dated November 4, 2013. The order, after a dispositional hearing, terminated the mother's parental rights, and transferred the guardianship and custody of the subject child to the Suffolk County Department of Social Services for the purpose of adoption. The appeal from the order of disposition brings up for review an order of fact-finding of that court dated July 24, 2013, which, after a fact-finding hearing, found that the mother permanently neglected the subject child.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court properly found that the mother permanently neglected the subject child. The petitioner established by clear and convincing evidence that it made diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b [7]; Matter of Sheila G., 61 NY2d 368, 380-381 [1984]; Matter of Austin C. [Alicia Y.], 77 AD3d 938, 938-939 [2010]). These efforts included scheduling and facilitating visitation, referring the mother to parenting classes and drug rehabilitation programs, monitoring the mother's participation in the rehabilitation programs, meeting with the mother to review the service plan, and explaining the importance of complying with the plan (see Matter of Dayyana M. [Autumn M.], 122 AD3d 854 [2014]; Matter of Devon M. [Dina J.], 119 AD3d 864 [2014]).

Despite these efforts, the mother failed to make a realistic and feasible plan for the child's future, including a plan for how she would care for the child in her home. Contrary to the mother's contention, the record contains clear and convincing evidence that, during the relevant statutory period, she failed to substantially and continuously plan for the child's future, although physically and financially able to do so (see Social Services Law § 384-b [7] [a]). The child came into the petitioner's care and custody on July 12, 2011, when she was less than one month old, after she was born prematurely with a positive toxicology. There is no dispute that the mother had a substance abuse problem and used crack cocaine while pregnant with the child. Although the mother was enrolled in a residential drug treatment program when the child was removed from her care, she discontinued her participation in that program in September 2011 and did not enroll in another program until three months later.

Thereafter, to her credit, the mother completed a parenting

class and an outpatient substance abuse treatment program, and she remained in treatment at the time of the fact-finding hearing. However, during that same time period, the mother was arrested while on probation for a pre-petition offense. Moreover, she participated in only three hours per week of unsupervised visitation with the child, and such a restrictive visitation schedule provided a very limited view of her parenting abilities and her relationship with the child (cf. Matter of Winstoniya D. [Tammi G.], 123 AD3d 705, 706-707 [2014]).

Although the mother should be commended for her efforts to address her substance abuse problem, it cannot be said, on this record, that the mother "[took] such steps as are necessary to provide a home that is adequate and stable, under the financial circumstances existing, within a reasonable period of time" (Matter of Star Leslie W., 63 NY2d 136, 142-143 [1984]). "Good faith alone is not enough: the plan must be realistic and feasible" (id. at 143; see Matter of Elijah NN., 20 AD3d 728, 729 [2005]).

In addition, the Family Court properly determined that it was in the child's best interests to terminate the mother's parental rights and free her for adoption by the foster mother, with whom the child had lived since she was approximately 3½ months old (see Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d at 147; Matter of Joshua E.R. [Yolaine R.], 123 AD3d 723 [2014]). Skelos, J.P., Balkin, Hall and Maltese, JJ., concur.