Appeals by the mother from three orders of fact-finding and disposition of the Family Court, Kings County (Barbara Salinitro, J.), all dated July 12, 2016. The orders (one as to each child), after fact-finding and dispositional hearings, found that the mother permanently neglected the subject children, terminated her parental rights, and transferred guardianship and custody of the subject children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption.
 

 Ordered that the appeal from the order of fact-finding and disposition pertaining to the child Maya S. H.-A. is dismissed as academic, without costs or disbursements, as that child has since reached the age of majority (see Matter of Francisco Anthony C.F., 305 AD2d 410, 411 [2003]); and it is further,
 

 Ordered that the orders of fact-finding and disposition pertaining to the child Daria S. H.-A. and the child Melvin U. W. H. are affirmed, without costs or disbursements.
 

 In these proceedings pursuant to Social Services Law § 384-b to terminate the mother’s parental rights to the three subject children, the Family Court, after fact-finding and dispositional hearings, issued three orders of fact-finding and disposition (one as to each child). The court found that the mother permanently neglected the subject children by, among other things, failing to plan for the future of the children, although physically and financially able to do so, notwithstanding the petitioner’s diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b [4] [d]; [7]). The court terminated the mother’s parental rights and transferred guardianship and custody of the children to the petitioner and the Commissioner of Social Services of the City of New York for the purpose of adoption. The mother appeals.
 

 In proceedings to terminate parental rights based on permanent neglect, the agency must establish as a threshold matter that it made diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b [7] [a]; Matter of Sheila G., 61 NY2d 368, 373 [1984]). The diligent efforts must include reasonable attempts at providing counseling, scheduling regular visitation with the child, providing services to the parents to overcome problems which prevent the discharge of the child into their care, and informing the parents of their child’s progress (see Social Services Law § 384-b [7] [f]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429 [2012]). Contrary to the mother’s contention, the petitioner met its initial burden of establishing by clear and convincing evidence that it exercised diligent efforts to strengthen the parental relationship between the mother and the children (see Social Services Law § 384-b [7] [a], [f]; Matter of William Z. [Millie A.S.], 123 AD3d 937, 938 [2014]; Matter of Tarmara F.J. [Jaineen J.], 108 AD3d 543, 543 [2013]).
 

 Since the child Maya S. H.-A. has reached the age of majority since the entry of the order of fact-finding and disposition pertaining to her, appellate review of the disposition in the proceeding involving her has been rendered academic (see Matter of Teshana Tracey T. [Janet T.], 71 AD3d 1032, 1033 [2010]; Matter of Francisco Anthony C.F., 305 AD2d 410, 411 [2003]).
 

 The mother’s remaining contention is without merit.
 

 Dillon, J.P., Cohen, Brathwaite Nelson and Iannacci, JJ., concur.