Matter of Joseph I. N. (Amy S. R.) (2018 NY Slip Op 01469)





Matter of Joseph I. N. (Amy S. R.)


2018 NY Slip Op 01469


Decided on March 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-03468
 (Docket Nos. B-27384-14, B-27385-14, B-27386-14)

[*1]In the Matter of Joseph I. N. (Anonymous). Edwin Gould Services for Children and Families, appellant; Amy S. R. (Anonymous), et al., respondents. (Proceeding No. 1)
In the Matter of Robyn D. N. (Anonymous). Edwin Gould Services for Children and Families, appellant; Amy S. R. (Anonymous), et al., respondents. (Proceeding No. 2)
In the Matter of Elizabeth A. N. (Anonymous). Edwin Gould Services for Children and Families, appellant; Amy S. R. (Anonymous), et al., respondents. (Proceeding No. 3)


John R. Eyerman, New York, NY, for appellant.
Gabriel Freiman, Brooklyn, NY (Arnold & Porter Kaye Scholer, LLP [Kevin T. Sullivan], of counsel), for respondent Amy S. R.
Helene Chowes, New York, NY, for respondent Jose N.
Seymour W. James, Jr., New York, NY (Tamara A. Steckler and Marcia Egger of counsel), attorney for the children.



DECISION & ORDER
Appeal from an order of the Family Court, Kings County (Alan Beckoff, J.), dated March 9, 2016. The order, after a fact-finding hearing, dismissed the petitions to terminate the mother's and father's parental rights to the subject children on the ground of permanent neglect.
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, the petitions are reinstated and granted, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing, to be conducted as expeditiously as possible, in accordance herewith.
The petitioner filed petitions to terminate the mother's and father's parental rights to the three subject children on the ground of permanent neglect. After a fact-finding hearing, the Family Court dismissed the petitions. The petitioner appeals.
"In proceedings to terminate parental rights based on permanent neglect, the agency must establish as a threshold matter that it made diligent efforts to encourage and strengthen the parental relationship" (Matter of Daria S.H.-A. [Yolanda H.], 154 AD3d 669, 670; see Social Services Law § 384-b[7][a]). Here, the petitioner established by clear and convincing evidence that it exercised diligent efforts to encourage and strengthen the mother's and father's relationship with the children (see Matter of Daria S.H.-A., 154 AD3d at 670; Matter of Hector V.P., 146 AD3d 889, 890). These efforts included, among other things, the development of a service plan that required the parents to complete a drug treatment program, a parenting skills program, and a mental health evaluation. The plan also required the parents to obtain suitable housing and to participate in family visits with the petitioner. In addition, the petitioner provided the parents with numerous referrals to drug treatment programs, scheduled supervised visitation, and consistently advised the parents that completion of the service plan was necessary for reunification with the children (see Matter of Hector V.P., 146 AD3d at 890; Matter of Chanel C. [Vanessa N.], 118 AD3d 826, 827).
The petitioner also met its burden by establishing by clear and convincing evidence that the mother and father permanently neglected the children by failing to plan for the future of the children, in that, over the course of more than two years, they failed to complete a drug treatment program (see Social Service Law § 384-b[4][d]; [7][a]; Matter of Chanel C. [Vanessa N.], 118 AD3d at 827-828; Matter of Dustin H. [Patricia B.], 68 AD3d 1112, 1113). The parents' longtime abuse of marijuana was a significant obstacle to their reunification with their children, and neither parent completed a drug treatment program, despite the agency's diligent efforts, including multiple referrals to drug treatment programs (see Matter of Dustin H. [Patricia B.], 68 AD3d at 1113; Matter of Ebony Starr B., 14 AD3d 507, 508). Significantly, one or more of the children have been in foster care at various times since 2009, and the parents have been unsuccessful in completing a drug treatment program during this time. The children are entitled to permanency after the passage of such an extended period of time, during which the parents have failed to complete the programs required for them to be reunified with the children (see Family Ct Act § 1086). Thus, upon a finding of permanent neglect, we remit the matter to the Family Court, Kings County, for a dispositional hearing to be conducted as expeditiously as possible, to determine the best interests of the children (see Family Ct Act §§ 623, 625[a], 631; Matter of Ebony Starr B., 14 AD3d at 508).
HALL, J.P., COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court