Matter of Khadija J.K. (Kadijatu F.K.) (2018 NY Slip Op 03833)





Matter of Khadija J.K. (Kadijatu F.K.)


2018 NY Slip Op 03833


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-02760
 (Index No. B-3862-13)

[*1]In the Matter of Khadija J.K., etc., (Anonymous). SCO Family of Services, respondent; Kadijatu F.K. (Anonymous), appellant.


Eliot Green, Brooklyn, NY, for appellant.
Carrieri & Carrieri, P.C., Mineola, NY (Ralph R. Carrieri of counsel), for respondent.
Seymour W. James, Jr., New York, NY (Dawne A. Mitchell and John A. Newbery of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of fact-finding and disposition of the Family Court, Richmond County (Arnold Lim, J.), dated December 19, 2016. The order, after a fact-finding hearing, found that the mother permanently neglected the subject child and, after a dispositional hearing, inter alia, terminated the mother's parental rights.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
SCO Family of Services (hereinafter the petitioner) commenced this proceeding to terminate the mother's parental rights to the subject child on the ground of permanent neglect. After fact-finding and dispositional hearings, the Family Court found that the petitioner had established, by clear and convincing evidence, that the mother had permanently neglected the child and that the best interests of the subject child required that the mother's parental rights be terminated and the child be freed for adoption.
To establish that a parent has permanently neglected a child, an agency must establish by clear and convincing evidence that, for a period of one year following the child's placement with the agency, the parent failed to maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parent-child relationship (see Social Services Law § 384-b[3][g], [4][d], [7][a]; Matter of Star Leslie W., 63 NY2d 136, 142). In determining a petition alleging permanent neglect, the court's "threshold inquiry" must be "whether the agency exercised diligent efforts to strengthen the parental relationship" by "providing assistance to the parents to resolve or ameliorate the problems preventing discharge of the child to their care and advising the parent at appropriate intervals of the child's progress and development" (Matter of Star Leslie W., 63 NY2d at 142; see Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429; Matter of Karina J.M. [Carmen Enid G.], 145 AD3d 893, 894). In providing appropriate services to a parent, an agency [*2]need not "guarantee that the parent succeed in overcoming his or her predicaments" (Matter of Sheila G., 61 NY2d 368, 385). "Parents must themselves assume a measure of initiative and responsibility; they have a duty to plan for the future of their child" (Matter of Jamie M., 63 NY2d 388, 393; see Matter of Elasia A.D.B. [Crystal D.G.], 118 AD3d 778, 779). "At a minimum, parents must take steps to correct the conditions that led to the removal of the child from their home" (Matter of Zechariah J. [Valrick J.], 84 AD3d 1087, 1087-1088 [internal quotation marks omitted]; see Matter of Nathaniel T., 67 NY2d 838, 840). An agency that has made diligent efforts to help a parent who is uncooperative or indifferent will be deemed to have fulfilled its duty (see Matter of Jamie M., 63 NY2d at 393; Matter of Elasia A.D.B. [Crystal D.G.], 118 AD3d at 779).
Here, the petitioner met its burden by establishing that, during the relevant period, the mother failed to complete parent skills training, failed to comply with mental health services such as individual counseling and medication management, and failed to consistently exercise visitation with the subject child, despite the petitioner's diligent efforts to strengthen and encourage the parent-child relationship (see Matter of Dayyana M. [Autumn M.], 122 AD3d 854, 855; Matter of Dustin H. [Patricia B.], 68 AD3d 1112). The mother's contention on appeal that the petitioner failed to refer her to mental health services specifically designed to address her diagnosis of paranoid schizophrenia is without merit.
LEVENTHAL, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court