Matter of Imani L.J. (Shaunta J.) (2018 NY Slip Op 07429)





Matter of Imani L.J. (Shaunta J.)


2018 NY Slip Op 07429


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-07280
 (Docket Nos. B-12787/14, B-12788/14, B-12789/14, B-12790/14)

[*1]In the Matter of Imani L.J. (Anonymous). SCO Family of Services, appellant; Shaunta J. (Anonymous), respondent. (Proceeding No. 1)
In the Matter of Jeremiah W.T. (Anonymous), also known as Jeremiah W.J. (Anonymous). SCO Family of Services, appellant; Shaunta J. (Anonymous), respondent. (Proceeding No. 2)
In the Matter of Wilesiah W.B. (Anonymous), also known as Wilesiah B.J. (Anonymous). SCO Family of Services, appellant; Shaunta J. (Anonymous), respondent. (Proceeding No. 3)
In the Matter of Zackariyah M.T. (Anonymous), also known as Zackariyah M.J. (Anonymous). SCO Family of Services, appellant; Shaunta J. (Anonymous), respondent. (Proceeding No. 4)


Leventhal, Mullaney & Blinkoff, LLP, Brooklyn, NY (Jeffrey Blinkoff of counsel), for appellant.
Jill M. Zuccardy, New York, NY, for respondent.
The Legal Aid Society, New York, NY (Dawne A. Mitchell and Marcia Egger of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the petitioner appeals from an order of the Family Court, Queens County (Emily Ruben, J.), dated July 5, 2017. The order, after a fact-finding hearing, dismissed the proceedings.
ORDERED that the order is reversed, on the law and on the facts, the petitions are reinstated and granted, and the matter is remitted to the Family Court, Queens County, for a dispositional hearing to be conducted as expeditiously as possible, in accordance herewith.
The petitioner agency filed petitions to terminate the mother's parental rights to the [*2]four subject children on the ground of permanent neglect. After a fact-finding hearing, the Family Court found that the petitioner failed to establish that it made diligent efforts to strengthen the parent-child relationship, and that the mother failed to maintain contact with or plan for the return of her children, and dismissed the proceedings. The petitioner appeals.
To establish that a parent has permanently neglected a child, an agency must demonstrate by clear and convincing evidence that, for a period of one year following the child's placement with the agency, the parent failed to maintain contact with the child or, alternatively, failed to plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parent-child relationship (see Social Services Law § 384-b[3][g], [4][d], [7][a]). The threshold inquiry in a proceeding to terminate parental rights is whether the presentment agency demonstrated that it exerted diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b[7][a]; Matter of Hailey ZZ. [Ricky ZZ.], 19 NY3d 422, 429; Matter of Sheila G., 61 NY2d 368, 371).
The petitioner demonstrated by clear and convincing evidence that it exercised diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b[7]; Matter of Star Leslie W., 63 NY2d 136, 142-143). These efforts included scheduling and facilitating visitation, referring the mother to parenting classes, monitoring the mother's participation in the mental health treatment programs she selected, meeting with the mother to review the service plan, and explaining the importance of complying with the plan (see Matter of Dayyana M. [Autumn M.], 122 AD3d 854, 855; Matter of Devon M. [Dina J.], 119 AD3d 864; Matter of Melisha M.H. [Sheila B.R.], 119 AD3d 788).
The petitioner also established by clear and convincing evidence that the mother failed to plan for the future of the children. Although the mother regularly visited the children, she failed to plan for their future in that she failed to gain insight into the problems that caused the children's removal and prevented their return to her care (see Matter of Nathaniel T., 67 NY2d 838, 840; Matter of Aleeyah T.M. [Shalicia A.], 127 AD3d 1197, 1197-1198; Matter of Zechariah J. [Valrick J.], 84 AD3d 1087, 1088; Matter of Joquan Jomaine-Anthony V., 39 AD3d 868, 869). These problems included her refusal to learn how to parent children with special needs and her inability to consistently keep her home sanitary and safe for the children.
Accordingly, upon a finding of permanent neglect, we reinstate the petitions and remit the matter to the Family Court, Queens County, for a dispositional hearing to be conducted as expeditiously as possible, to determine the best interests of the children (see Family Ct Act §§ 623, 625[a], 631; Matter of I.N., 159 AD3d 705, 706; Matter of Ebony Starr B., 14 AD3d 507, 508).
DILLON, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court