Matter of Morgan A.H. (Ta-Mirra J.H.) (2019 NY Slip Op 03595)





Matter of Morgan A.H. (Ta-Mirra J.H.)


2019 NY Slip Op 03595


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-04634
 (Docket No. B-29891-15)

[*1]In the Matter of Morgan A.H. (Anonymous). New Alternatives for Children, Inc., respondent; Ta-Mirra J.H. (Anoymous), appellant.


Linda C. Braunsberg, Staten Island, NY, for appellant.
Law Office of James M. Abramson, PLLC, New York, NY, for respondent.
Rachel Ambats, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b, the mother appeals from an order of fact-finding and disposition of the Family Court, Kings County (Ann E. O'Shea, J.), dated December 28, 2017. The order, after fact-finding and dispositional hearings, found that the mother had abandoned and permanently neglected the subject child, terminated her parental rights, and transferred custody and guardianship of the subject child to New Alternatives for Children, Inc., and the Commissioner of Social Services of the City of New York for the purpose of adoption.
ORDERED that the order of fact-finding and disposition is affirmed, without costs or disbursements.
The Family Court's finding that the mother abandoned the subject child is supported by clear and convincing evidence. The mother failed to visit the child or communicate with the child or the agency for a period of six months immediately prior to the date on which the petition was filed, even though she was able to do so and not prevented or discouraged from doing so by the agency (see Social Services Law § 384-b[4][b]; [5][a]). The mother testified to only minimal, sporadic, and insubstantial contacts with the agency during this time, which are insufficient to overcome a finding of abandonment (see Matter of Blake A.M. [Marisa L.], 167 AD3d 895). When proceeding on a ground of abandonment, a showing of diligent efforts by the agency to encourage the parents to perform the acts specified in Social Services Law § 384-b(5)(a) is not required (see Social Services Law § 384-b[5][b]). We agree with the Family Court's finding that the mother abandoned the subject child.
The Family Court's finding of permanent neglect was also supported by clear and convincing evidence. The mother failed, for a period of at least one year, substantially and continuously or repeatedly, to maintain contact with or plan for the future of the child, although physically and financially able to do so (see Social Services Law § 384-b[7][a]). The agency was relieved of its obligation to make diligent efforts to strengthen the parental relationship because the [*2]mother failed for at least six months to apprise the agency of her location (see Social Services Law § 384-b[7][e][i]). In any event, the agency did make diligent efforts by creating a service plan, but the mother failed to comply with any aspect of the service plan during the statutorily relevant time period (see Matter of Omarie S.B. [Evan J.], 137 AD3d 902; Matter of Matthew Ricardo M. [Melissa M.], 98 AD3d 892; Matter of Damon Bruce W. [Yvonne M.G.], 81 AD3d 552). The mother had no realistic and feasible plan to provide an adequate and stable home for the child (see Social Services Law § 384-b[7][c]; Matter of Nathaniel T., 67 NY2d 838; Matter of Ernesto Thomas A., 5 AD3d 380, 381). Therefore, we agree with the Family Court's finding that the mother permanently neglected the subject child.
The Family Court's determination that termination of the mother's parental rights so as to free the child for adoption by the foster parents was in the child's best interests was supported by a fair preponderance of the evidence (see Matter of Taylor P. [Kevin R.], 163 AD3d 678; Matter of Maximus K.B. [Orlando B.], 129 AD3d 951; Matter of Tanya Alexis G., 273 AD2d 19; Matter of Latesha Nicole M., 219 AD2d 521). The foster parents have provided the child with a stable home, care for all of her needs, and desire to adopt her (see Matter of Sarah C. [Olivia C.], 127 AD3d 1181; Matter of Asianna NN. [Kansinya OO.], 119 AD3d 1243; Matter of Ernesto Thomas A., 5 AD3d 380).
LEVENTHAL, J.P., LASALLE, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court