■ In the Matter of CHRISTIAN LEE R., a Child Alleged to be Permanently Neglected. JEANETTE L., Appellant; EPISCOPAL SOCIAL SERVICES, Respondent. [779 NYS2d 483]—

Order of disposition, Family Court, New York County (Sara P. Schechter, J.), entered on or about October 9, 2002, which, upon a finding of permanent neglect, terminated respondent mother's parental rights with respect to the subject child and transferred custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the City of New York for the purpose of adoption, unanimously modified, on the law and the facts, to vacate that portion of the order unconditionally terminating respondent's parental rights and to remand the matter for entry of a suspended judgment, the duration and conditions of which are to be set by Family Court, and otherwise affirmed, without costs.

Although the finding of permanent neglect was warranted in light of the clear and convincing evidence that respondent did not within the statutorily relevant period make the therapeutic strides deemed necessary to her resumption of custodial parenting responsibilities, despite the diligent efforts of petitioner agency (*see Matter of Lisa Z.*, 278 AD2d 674, 677-678 [2000]), the finding that it was in the child's best interest to terminate respondent's parental rights was, on this record, premature. The evidence showed that respondent had by the time of the dispositional hearing completed every aspect of her service plan, seeking treatment on her own and participating actively in therapy sessions. She appears to have benefitted from treatment and, according to her therapist, has made very significant progress in acquiring both insight respecting her past parenting deficiencies and the practical skills necessary to the remediation of those deficiencies. By all accounts, respondent and the child are well bonded and enjoy appropriate parent-child interaction. Under all the circumstances, then, we do not think it appropriate to conclude that it is in the child's best interest to definitively sever the subject parent-child relationship and, accordingly, remand the matter for entry of a suspended judgment

*(see id.* at 679-680). Concur—Saxe, J.P., Ellerin, Williams, Lerner and Sweeny, JJ.