■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW RYERSON, Appellant. [864 NYS2d 378]—Judgment, Supreme Court, New York County (James A. Yates, J.), rendered on or about November 1, 2007, unanimously affirmed. No opinion. Order filed. Concur—Tom, J.P., Mazzarelli, Friedman, Williams and Moskowitz, JJ.

■ In the Matter of SEAN LAMONTE VONTA M. and Another, Children Alleged to be Permanently Neglected. SEAN LAMONTE M., Appellant; COMMISSIONER OF ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents. [864 NYS2d 21]—

Orders, Family Court, New York County (Gloria Sosa-Lintner, J.), entered August 29, 2006, which, to the extent appealed from, upon a finding of permanent neglect, terminated respondent father's parental rights to the subject children and committed the custody and guardianship of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The determination of permanent neglect is supported by clear and convincing evidence that the agency made diligent efforts to encourage and strengthen the parental relationship and that nevertheless respondent failed to plan for the children's future (*see* Social Services Law § 384-b [7] [a]; *Matter of Sheila G.*, 61 NY2d 368 [1984]). Respondent testified that he was aware of the elements of the service plan with which he was required to comply before the children could be returned to him. However, despite the agency's repeated, meaningful efforts to assist him, respondent failed to remain drug free, visit the children regularly, and timely complete a drug program, the principal barrier to his regaining custody of the children (*see Matter of Christina Jeanette C.*, 168 AD2d 351 [1990]).

A preponderance of the evidence at the dispositional hearing supports the determination that it is in the best interests of the children to terminate respondent's parental rights so as to facilitate the children's adoption by their foster mother, with whom they have lived for most of their lives and have developed a close relationship, and who has tended to their medical and developmental needs (*see Matter of Taaliyah Simone S.D.*, 28 AD3d 371 [2006]). Under the circumstances, a suspended judgment is not warranted (*see Matter of Shaka Efion C.*, 207 AD2d 740 [1994]). Concur—Tom, J.P., Mazzarelli, Friedman, Williams and Moskowitz, JJ.