■ In the Matter of RAQUEL N. and Others, Infants. EVELYN O. et al., Appellants; McMAHON SERVICES FOR CHILDREN, Respondent. [896 NYS2d 54]—

Order of disposition, Family Court, New York County (Jody Adams, J.), entered on or about October 1, 2008, which, upon fact-findings of permanent neglect as against respondent mother and abandonment as against respondent father, terminated respondents' parental rights to the subject children and com-

mitted the children's guardianship and custody to petitioner agency and the Commissioner of Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

The agency demonstrated by clear and convincing evidence that the mother permanently neglected the children (*see Matter of Myles N.*, 49 AD3d 381, 381 [2008], *lv denied* 11 NY3d 709 [2008]). Although she attended all the programs recommended by the agency, she failed to correct the conditions that led to the placement of the children in foster care, she remained in an abusive relationship with the father of two of the subject children and attempted to hide that relationship from the agency, and she failed to gain insight into either the needs of the children or her own limitations (*see Matter of Nathaniel T.*, 67 NY2d 838, 841-842 [1986]). The evidence indicated that the mother suffered from a deteriorating mental condition, failed to properly assess her daughter's serious mental problems, and remained passive during visits with the children.

Clear and convincing evidence also supports the court's determination that the father abandoned his children (*see Matter of Ruben J.R.*, 303 AD2d 238 [2003], *lv denied* 100 NY2d 507 [2003]). The father admitted that although he was aware of his children's placement with the agency and their residence with the grandmother, he made no attempt to contact the children or the agency after the expiration of the order of protection. Moreover, the order of protection itself did not relieve him of his obligation to maintain contact (*see Matter of Gabrielle HH.*, 1 NY3d 549 [2003]).

The agency established by a preponderance of the evidence that the best interests of the children would be served by terminating respondents' parental rights so as to facilitate their adoption by the foster mother, the children's maternal grandmother, with whom they have resided for six years and wish to remain (*see Matter of Sean LaMonte Vonta M.*, 54 AD3d 635 [2008]). No evidence was presented that the grandmother's home was not suitable for the children. Concur—Friedman, J.P., Moskowitz, Renwick, Freedman and Román, JJ.