■ In the Matter of JUAN A. and Another, Children Alleged to be Permanently Neglected. FAMILY SUPPORT SYSTEMS UNLIMITED, INC., Respondent; NHAIMA D.R., Appellant, et al., Respondent. [898 NYS2d 838]—

Order, Family Court, Bronx County (Carol Ann Stokinger, J.), entered on or about June 13, 2008, which found that respondent mother had permanently neglected the subject children, terminated her parental rights, and committed custody and guardianship of the children jointly to petitioner and the New York City Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The threshold inquiry in any permanent neglect proceeding is whether the agency discharged its statutory obligation to exert diligent efforts to encourage and strengthen the parent-child relationship (*see Matter of Sheila G.*, 61 NY2d 368, 373 [1984]). Here, petitioner demonstrated that it prepared a service plan for respondent that included drug treatment, parenting skills and anger management programs, and that she failed to comply with the plan during the relevant time period. When respondent advised petitioner that she had not completed the drug treatment program because her public assistance was terminated, the caseworker referred her to the section of the agency with the expertise to assist her in reapplying. The agency addressed respondent's youth by referring her to a parenting skills program for teenage parents, which she failed to attend. It also established, by clear and convincing evidence, that respondent permanently neglected her children by maintaining only sporadic contact with them throughout her unsettled history as a parent, and failed to address her drug problem during the relevant period (*see Matter of Sean LaMonte Vonta M.*, 54 AD3d 635 [2008]).

The court properly found a preponderance of the evidence in support of the conclusion that it was in the best interests of the children to terminate respondent's parental rights and free them for adoption by their foster mother, with whom they had been living for years. The evidence revealed that the children have a loving and supportive relationship with the foster mother and her husband, were receiving excellent care, and were thriving in that environment. Respondent acknowledged that she was not yet able to provide the children with a stable home.

A suspended judgment, which is a brief grace period designed to prepare the parent to be reunited with the child (*see Matter of Michael B.*, 80 NY2d 299, 311 [1992]), is not warranted here because it does not appear to be in the best interests of the children to wait any longer for respondent to gain the ability to fulfill her parental obligations. Concur—Gonzalez, P.J., Saxe, Nardelli, McGuire and Moskowitz, JJ.