■ In the Matter of JAYDEN C., Also Known as JAYDEN R., an Infant. MICHELLE R. et al., Appellants; COMMUNITY COUNSELING & MEDIATION, Respondent. [923 NYS2d 1]—

The father's constitutional challenges to the statutes providing for notice and consent of an unwed father are unpreserved and we decline to consider them (*see Matter of Kimberly Carolyn J.*, 37 AD3d 174, 175 [2007], *lv dismissed* 8 NY3d 968 [2007]). In any event, the record establishes that the father appeared and did not object to his notice status and, further, that he did not maintain a substantial and continuing relationship with the child that would give rise to a protected interest (*see Matter of Raquel Marie X.*, 76 NY2d 387, 401 [1990], *cert denied sub nom. Robert C. v Miguel T.*, 498 US 984 [1990]; *Matter of Pedro Jason William M.*, 45 AD3d 431 [2007], *appeal dismissed and lv denied* 10 NY3d 804 [2008]; Domestic Relations Law § 111 [1] [d]).

The determination that it would be in the child's best interests to be freed for adoption is supported by a preponderance of the evidence (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). There is no indication that the mother is capable of financially or emotionally caring for her son, and the record shows that the child has thrived in his preadoptive home, which he shares with his sibling, and where he has developed a strong bond with the foster mother (*see Matter of Octavia Lorraine O.*, 34 AD3d 258 [2006]). Furthermore, the mother did not ask the court to consult with the three-year-old child concerning guardianship, and the statute does not require such consultation (*see* Social Services Law § 384-b [3] [k]).

A suspended judgment is not warranted under the circumstances because it is not in the best interests of the child to wait any longer for the mother to gain the ability to fulfill her parental obligations (*see Matter of Michael B.*, 80 NY2d 299, 311 [1992]; *Matter of Juan A. [Nhaima D.R.]*, 72 AD3d 542 [2010]). Concur—Gonzalez, P.J., Friedman, Moskowitz, Freedman and Román, JJ.