Order, Family Court, Bronx County (Monica Drinane, J.), entered on or about March 27, 2012, which, insofar as appealed from, upon a finding of permanent neglect, terminated respondent mother’s parental rights to the subject child, and committed custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
Clear and convincing evidence supported the finding of permanent neglect. Despite the diligent efforts exerted by the agency to strengthen and encourage the parental relationship, which included referring respondent for a mental health evaluation, attempting to assist her in obtaining suitable housing and scheduling regular visits with the child (see Matter of Nahajah Lituarrah Lavern K. [Tiffany Renee W.], 67 AD3d 565 [1st Dept 2009]), respondent failed to plan for the child’s future. Respondent did not avail herself of the services offered by the agency, refused to provide her contact information, and failed to consistently visit the child (see Matter of Jonathan Jose T., 44 AD3d 508, 509 [1st Dept 2007]).
A preponderance of the evidence demonstrated that the termination of respondent’s parental rights was in the child’s best interests. The child resided in his foster home since 2007, and wanted to be adopted by his foster mother, who wished to adopt him, and respondent failed to overcome the deficiencies that led to the child’s placement (see Matter of Brandon R. [Chrystal R.], 95 AD3d 653 [1st Dept 2012], lv denied 20 NY3d 998 [2013]). Respondent’s contention that the matter should be remanded for an in camera hearing is unpersuasive, as there is no requirement that the Family Court conduct an in camera hearing with the child (see Matter of Jayden C. [Michelle R.], 82 AD3d 674, 675 [1st Dept 2011]). Furthermore, under the circumstances presented, although the agency caseworker had testified that the child had been somewhat conflicted about adoption, he also testified that the child understood that adop *571 tion would allow him the most stable home, which was important to the child.
We have considered respondent’s remaining arguments and find them unavailing. Concur—Friedman, J.P., Saxe, Moskowitz, DeGrasse and Roman, JJ.