■ In the Matter of JULIAN RAUL S. and Others, Children Alleged to be Permanently Neglected. OSCAR S., Appellant; CATHOLIC GUARDIAN SOCIETY & HOME BUREAU, Respondent. [974 NYS2d 425]—

Orders of disposition, Family Court, New York County (Susan Knipps, J.), entered on or about December 20, 2012, which, following a fact-finding determination that appellant father had permanently neglected the subject children, terminated his parental rights and transferred custody and guardianship of two of the children to petitioner agency and the Commissioner of Social Services, for the purpose of adoption, unanimously affirmed, without costs. Appeal from order, same court and

Justice, entered on or about September 21, 2012, unanimously dismissed, without costs, as subsumed in the appeals from the December 20, 2012 orders.

The agency proved by clear and convincing evidence that it exerted diligent efforts to reunite the family, through multiple referrals for services, including drug treatment, parenting skills, anger management and domestic violence programs, scheduling and supervising visitation and therapy, and by monitoring the children's care during the multiple trial discharges (*see Matter of Sheila G.*, 61 NY2d 368, 373 [1984]; *Matter of Jeremiah Emmanuel R. [Sylvia C.]*, 101 AD3d 571, 572 [1st Dept 2012], *lv denied* 20 NY3d 863 [2013]). The court properly determined that the father had permanently neglected the children, despite completion of numerous programs and referrals, because he failed to demonstrate that he had overcome his problem with domestic violence, and he was unable to meet the children's special needs (*see Matter of Dina Loraine P. [Ana C.]*, 107 AD3d 634 [1st Dept 2013]).

The alternative of a suspended judgment was properly rejected, given the long history of failed attempts to return the children to the parents (*see Matter of Jayden C. [Michelle R.]*, 82 AD3d 674, 675 [1st Dept 2011]). The therapist for two of the children noted that the foster parents were able to provide these children with stability and meet their special needs, which was paramount to the children's growth and progress at this point in their lives. Concur—Andrias, J.P., Acosta, Saxe, Renwick and Manzanet-Daniels, JJ.