Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about August 5, 2013, which, *546 upon a finding that respondent father’s consent was not required for the adoption of the subject child and that respondent mother had permanently neglected the child, terminated the mother’s parental rights to the child, and transferred custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs. Appeal from order, same court and Judge, entered on or about June 4, 2013, unanimously dismissed, without costs, as subsumed in the appeal from the foregoing order of disposition.
The father’s consent for the adoption of the child is not required, as the record shows that the father did not provide any financial support for the child, although he was able to purchase drugs (Domestic Relations Law § 111 [1] [d]; see Matter of Phajja Jada S. [Toenor Ann S.], 86 AD3d 438, 439 [1st Dept 2011], lv denied 17 NY3d 716 [2011]). The father acknowledged that he did not seek employment because of his chronic marijuana use (see Matter of Brianna L. [Brandon L.], 83 AD3d 501 [1st Dept 2011]). His testimony that he occasionally gave the child gifts or brought food to visits did not demonstrate that he provided financial support according to his means (id.). Further, the agency had no obligation to inform him of his parental obligations (see Matter of Marc Jaleel G. [Marc E.G.], 74 AD3d 689, 690 [1st Dept 2010]). His constitutional challenges to the statute are unpreserved for appellate review (see Matter of Jayden C. [Michelle R.], 82 AD3d 674, 675 [1st Dept 2011]).
The finding that the mother permanently neglected the child is supported by clear and convincing evidence (see Social Services Law § 384-b [7] [a]; Matter of Sheila G., 61 NY2d 368, 373 [1984]). The evidence shows that the agency made diligent efforts to strengthen the mother’s relationship with the child by, among other things, scheduling regular visitation and referring her to multiple programs (see Social Services Law § 384-b [7] [f]; Matter of Julian Raul S. [Oscar S.], 111 AD3d 456, 457 [1st Dept 2013]). The evidence also shows that, despite these efforts, the mother failed to comply with the agency’s referrals for services, complete necessary programs, attend mental health therapy regularly, and gain insight into the reasons for the child’s placement into foster care (see Matter of Dina Loraine P [Ana C.], 107 AD3d 634, 635 [1st Dept 2013]). In addition, the mother refused to separate from the father, notwithstanding her awareness of his drug abuse and that such use would impede the return of the child. The mother also failed to maintain suitable housing and was often tardy or absent for supervised visits with the child.
*547 A preponderance of the evidence supports the finding that termination of the mother’s parental rights is in the child’s best interests (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). The child was placed into foster care shortly after birth, and has never resided with the mother or father. The child has bonded with the foster mother, and is doing well under her care. By contrast, the evidence shows that the mother and father’s apartment is disorderly, dirty and unsanitary, and lacks sufficient furniture and food.
We have considered appellants’ remaining arguments and find them unavailing.
Concur—Mazzarelli, J.E, Friedman, Saxe and Feinman, JJ.