■ In the Matter of HEAVEAH-NISE STEPHANIA JANNAH H., a Child Alleged to be Neglected. STEPHANIE M., Appellant; CHILDREN'S VILLAGE, Respondent. [18 NYS3d 369]—

Order, Family Court, New York County (Susan K. Knipps, J.), entered on or about November 19, 2013, which, to the extent appealed from, determined that respondent mother had permanently neglected the subject child, terminated the mother's parental rights to the child, and committed custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

The finding of permanent neglect is supported by clear and convincing evidence that despite the agency's scheduling of visits, provision of referrals for services, and other diligent efforts to strengthen the parental relationship, the mother failed to maintain regular contact with the child or plan for the child's future (*see* Social Services Law § 384-b [7] [a]; *Matter of Alexander B. [Myra R.]*, 70 AD3d 524, 524-525 [1st Dept 2010], *lv denied* 14 NY3d 713 [2010]). The mother testified that she had cancelled approximately fifty percent of the visits that were scheduled with the child, and that she had failed to complete substance abuse and mental health treatment programs within the relevant statutory time frame (*see Matter of Jenna Nicole B. [Jennifer Nicole B.]*, 118 AD3d 628, 629 [1st Dept 2014]). Moreover, the mother's testimony demonstrates that she failed to take responsibility for the child's placement in foster care (*Alexander B.*, 70 AD3d at 525).

A preponderance of the evidence supports the Family Court's

determination that the child's best interests warrant termination of the mother's parental rights so as to free the child for adoption (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). Since January 2011, the child has been living with her kinship foster mother and her two older half brothers, who have been adopted by the foster mother. The child has developed a strong bond with the foster mother and her siblings, and the foster mother wants to adopt the child and has provided for her needs (*see Matter of Jada Serenity H.*, 60 AD3d 469, 470 [1st Dept 2009]). The record shows that a suspended judgment is not appropriate, because there is no evidence that the mother has a realistic and feasible plan to provide an adequate and stable home for the child or that she has made progress with her mental health and substance abuse problems (*see id.*; *see also Matter of Mercedez Alicia Dynasty F. [Alicia A.]*, 106 AD3d 519, 519-520 [1st Dept 2013]). Concur—Mazzarelli, J.P., Renwick, Andrias and Manzanet-Daniels, JJ.