■ In the Matter of ALEXIS ALEXANDRA G., Also Known as ALEXIS G. and Others, Infants. BRANDY H., Also Known as BRANDY N.H., Appellant; CHILDREN'S AID SOCIETY, Respondent. [23 NYS3d 13]—

Order of disposition, Family Court, Bronx County (Joan L. Piccirillo, J.), entered on or about October 20, 2014, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the child Janiyah H., and committed the custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously af-

firmed, without costs. Appeal from order, same court and Judge, entered on or about October 20, 2014, pertaining to the child Alexis G., unanimously dismissed, without costs, as academic.

The finding of permanent neglect is supported by clear and convincing evidence (Social Services Law § 384-b [7], [3] [g]). The record shows that the agency exerted diligent efforts to encourage and strengthen respondent's relationship with Janiyah by referring respondent to parenting skills training and a drug treatment program and by scheduling regular supervised visitation (*see Matter of Jonathan M.*, 19 AD3d 197 [1st Dept 2005], *lv denied* 5 NY3d 798 [2005]). Respondent completed a few of the services to which she was referred. However, despite the agency's diligent efforts, during the statutorily relevant period, she failed to address meaningfully the problems leading to Janiyah's placement, in particular, her addiction to prescription painkillers, and thus failed to plan for Janiyah's future (*see Matter of Violeta P.*, 45 AD3d 352 [1st Dept 2007]). Respondent also failed to visit the child regularly. The agency was not a guarantor of respondent's success in overcoming her predicament (*see Matter of Sheila G.*, 61 NY2d 368, 385 [1984]).

A preponderance of the evidence at the dispositional hearing supports the finding that Janiyah's best interests would be served by terminating respondent's parental rights (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]) so as to facilitate the child's adoption by her foster mother, with whom she has lived since the age of two and who meets all her needs (*see Matter of Jesus Michael P. [Sonia R.]*, 122 AD3d 520 [1st Dept 2014]; *Matter of Juan A. [Nhaima D.R.]*, 72 AD3d 542, 543 [1st Dept 2010]). Respondent's request for a suspended judgment is unpreserved and, in any event, unwarranted (*see Matter of Andrea E. [Valerie E.]*, 72 AD3d 1617 [4th Dept 2010], *lv denied* 15 NY3d 703 [2010]; *Matter of Juan A.*, 72 AD3d at 543).

The appeal from the order pertaining to the child Alexis is academic, since she has reached the age of 18 (*see Matter of Winston Lloyd D.*, 7 AD3d 706, 707 [2d Dept 2004]). Concur— Mazzarelli, J.P., Acosta, Moskowitz and Richter, JJ.