■ In the Matter of SENAYA SIMONE J., a Child Alleged to be Neglected. ANDREA J., Appellant; CHILDREN'S VILLAGE, INC., Respondent. [25 NYS3d 145]—

Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about February 23, 2015, which, upon a find-

ing of permanent neglect, terminated respondent mother's parental rights to the subject child, and committed the custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The Family Court's finding on the record that the mother permanently neglected the child was supported by clear and convincing evidence that, despite diligent efforts made by the agency to encourage and strengthen the parental relationship, the mother failed during the relevant time period to plan for the future of the child (*see* Social Services Law § 384-b [7]). The agency arranged visitation between the mother and child and monitored the mother while she participated in various drug treatment programs (*see Matter of Danielle Nevaeha S.E. [Crystal Delores M.]*, 107 AD3d 527 [1st Dept 2013]). The agency was not required to make referrals for services that the mother was already receiving (*see Matter of Star A.*, 55 NY2d 560, 565 [1982]). Despite these efforts, the mother repeatedly relapsed into substance abuse, resulting in the child being removed from her care following a trial discharge (*see Danielle* at 528).

A preponderance of the evidence supports the Family Court's determination that termination of the mother's parental rights is in the child's best interest (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). The child has lived most of her life with her foster mother, who wants to adopt her and with whom she maintains a positive relationship (*see Danielle* at 528). That the mother has made efforts to remain drug free does not warrant a different disposition (*see id.*).

We have considered the mother's remaining arguments, including that she received ineffective assistance of counsel, and find them unavailing. Concur—Tom, J.P., Friedman, Sweeny, Acosta and Andrias, JJ.