■ In the Matter of LIHANNA A., a Child Alleged to be Neglected. MARCELLA H., Appellant; ST. DOMINIC'S HOME, Respondent. [30 NYS3d 875]—

Order, Family Court, New York County (Susan K. Knipps, J.), entered on or about March 23, 2015, which, upon a finding of permanent neglect, terminated respondent mother's parental rights to the subject child, and committed the custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

Respondent's contention that the proceeding to terminate her parental rights on the ground of permanent neglect could not be maintained, since the child had been directly placed in a custodial home, rather than with an authorized agency, is unpreserved, as it is raised for the first time on appeal (see e.g. Matter of Seth Jacob S. [Vincent S.], 134 AD3d 636 [1st Dept 2015]). In any event, the argument is unavailing (see Matter of Dale P., 84 NY2d 72 [1994]; Matter of Anthony Julius A., 231 AD2d 462 [1st Dept 1996]; Matter of Hannah D., 292 AD2d 867 [4th Dept 2002]).

The finding of permanent neglect was supported by clear and convincing evidence. The record demonstrates that the agency exercised diligent efforts to encourage and strengthen respondent's relationship with the child by referring her to drug treatment programs and by scheduling regular supervised visitation (see Matter of Senaya Simone J. [Andrea J.], 136 AD3d 434 [1st Dept 2016]; Matter of Alexis Alexandra G. [Brandy H.], 134 AD3d 547, 548 [1st Dept 2015]). Despite these diligent efforts, respondent failed to meaningfully address the problems that led to the child's placement by failing to complete a drug treatment program and by relapsing on multiple occasions. She also failed to visit the child regularly (see Matter of Jayden S. [Kim C.], 124 AD3d 488 [1st Dept 2015]; Matter of Alford Isaiah B. [Alford B.], 107 AD3d 562 [1st Dept 2013]; Matter of Jonathan M., 19 AD3d 197 [1st Dept 2005], lv denied 5 NY3d 798 [2005]).

The court's finding that it was in the child's best interest to be freed for adoption is supported by a preponderance of the evidence (see generally Matter of Star Leslie W., 63 NY2d 136,

147-148 [1984]). The child has been living in the custodial home since she was nine months old, is thriving in the home, and there is no evidence that respondent has planned for the child's future (*see Matter of Jaylin Elia G. [Jessica Enid G.]*, 115 AD3d 452 [1st Dept 2014]). Concur—Acosta, J.P., Saxe, Gische, Webber and Kahn, JJ.