■ In the Matter of JAYDEN ISAIAH O., Also Known as JAYDEN O., a Child Alleged to be Permanently Neglected. ROSSELY R.O., Appellant; CATHOLIC GUARDIAN SERVICES, Respondent. [41 NYS3d 23]—

Order, Family Court, Bronx County (Robert D. Hettlemen, J.), entered on or about April 1, 2015, which, upon a fact-finding determination of permanent neglect, terminated respondent mother's parental rights and transferred custody and guardianship of the subject child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The finding of permanent neglect is supported by clear and convincing evidence (Social Services Law § 384-b [7] [a]; [3] [g] [i]). The agency engaged in diligent efforts to encourage and strengthen the mother's relationship with the child by developing an individualized plan for the mother, which included, among other things, domestic violence counseling, a parenting skills program, individual counseling, visitation, and random drug testing (*id.* § 384-b [7] [f]; *Matter of Adam Mike M. [Jeffrey M.]*, 104 AD3d 572, 573 [1st Dept 2013]). Despite these diligent efforts, the mother failed to attend or benefit from the services offered to her and continued to deny responsibility for the conditions that led to the child's removal from her care (104 AD3d at 573; *see also Matter of Samantha C.*, 305 AD2d 167, 168 [1st Dept 2003], *lv denied* 100 NY2d 508 [2003]). Moreover, the mother routinely failed to appear for visitation, including for an extended period of more than six months, despite her awareness of the visitation schedule and the emotional toll her absence was having on the child (*Matter of Emily A.*, 216 AD2d 124, 124-125 [1st Dept 1995]).

The mother's purported excuses for her failure to comply with services or to visit the child—namely, that her Medicaid was inactive and that she feared that her older children's father would show up at the agency on the days of her scheduled visits—are unavailing. Family Court found these excuses to be incredible, and there is no basis to disturb that finding (*Matter of Madeline S.*, 3 AD3d 13, 19 [1st Dept 2003]).

The preponderance of the evidence supports Family Court's

determination that termination of the mother's parental rights is in the best interests of the child (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]). The child has been in a stable and loving foster home for several years, all of his basic needs are being met, and his foster parents wish to adopt him (*Matter of Jayvon Nathaniel L. [Natasha A.]*, 70 AD3d 580 [1st Dept 2010]). The circumstances do not warrant a suspended judgment (*id.*). While the mother had completed her service plan at the time of the dispositional hearing, albeit belatedly, she testified that she had learned nothing from her parenting course, and the child displayed no interest in seeing her. In fact, the mother has not seen the child since August 2014 when her visits were suspended, and the record suggests that the child's well-being depends on not seeing her (*compare Matter of Lorenda M. [Lorenzo McG.]*, 2 AD3d 370, 371 [1st Dept 2003] [suspended judgment not warranted where, among other things, the mother had no feasible plan for the child] *with Matter of Christian Lee R.*, 9 AD3d 275 [1st Dept 2004] [suspended judgment warranted where, among other things, the mother had benefitted from treatment and had bonded with the child]). Concur—Tom, J.P., Sweeny, Richter, Manzanet-Daniels and Webber, JJ.