■ In the Matter of SHYANN JAEL S. and Another, Infants. NICOLE JAEL L., Appellant; EDWIN GOULD SERVICES FOR CHILDREN AND FAMILIES, Respondent. [46 NYS3d 72]—

Orders of fact-finding and disposition (one paper for each subject child), Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about January 6, 2016, which, to the extent appealed from as limited by the briefs, after a fact-finding hearing, determined that respondent mother had permanently neglected the subject children, terminated the mother's parental rights, and transferred custody and guardianship of the children to petitioner agency and the Commissioner for the Administration of Children's Services for purposes of adoption, unanimously affirmed, without costs.

The finding of permanent neglect is supported by clear and

convincing evidence (Social Services Law § 384-b [7] [a]; [3] [g] [i]). The agency exerted diligent efforts to reunite the mother with the children by, among other things, permitting two trial discharges, formulating service plans, scheduling visitation, and assisting with housing (Social Services Law § 384-b [7] [f]; *Matter of Jayden Isaiah O. [Rossely R.-O.]*, 144 AD3d 465, 465 [1st Dept 2016]). The mother does not indicate how the agency's efforts on her behalf were deficient or suggest alternatives that would have better addressed her needs.

Despite the agency's efforts, the mother failed to plan for the children's future; in particular, the mother permitted the father, a fugitive who physically abused her, to stay in the home, exhibited poor judgment that endangered the children, used marijuana, failed to complete a drug treatment program, visited inconsistently, and neglected to focus attention on the children's needs (*see Matter of S. Children*, 210 AD2d 175, 176 [1st Dept 1994], *lv denied* 85 NY2d 807 [1995]).

Family Court properly concluded that it was in the best interests of the children to terminate the mother's parental rights to free the children for adoption by the foster mother, with whom the children had lived for more than four years and in whose home they were thriving (*see Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]).

We have considered the mother's remaining arguments, including her due process claims, and find them unavailing. Concur—Friedman, J.P., Renwick, Saxe and Gische, JJ.