■ In the Matter of NEPHRA P., I and Others, Infants. JOHN LEE P. et al., Appellants; FORESTDALE INC. et al., Respondents. [51 NYS3d 91]—

Orders (one for each child), Family Court, New York County (Jane Pearl, J.), entered on or about July 30, 2015, which, upon a determination of permanent neglect, terminated respondents' parental rights and transferred custody and guardianship of the subject children to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.

Family Court's determination that respondents permanently neglected the subject children is supported by clear and convincing evidence (Social Services Law § 384-b [7] [a]; [3] [g] [i]). The agency engaged in diligent efforts to encourage and strengthen respondents' relationship with the children by, among other things, developing individualized plans tailored to fit their situation and needs, and providing referrals for, among other things, parenting skills, anger management, and individual counseling (*id.* § 384-b [7] [f]; *Matter of Adam Mike M. [Jef-*

*frey M.]*, 104 AD3d 572, 573 [1st Dept 2013]). Despite these efforts, respondents only partially complied with the service plan and failed to benefit from the services offered, as they continue to deny responsibility for the conditions necessitating the children's removal from their care (104 AD3d at 573; *see also Matter of Samantha C.*, 305 AD2d 167, 168 [1st Dept 2003], *lv denied* 100 NY2d 508 [2003]).

Moreover, after respondents completed some services, they knowingly orchestrated the unauthorized removal of the children from the agency, setting off a week-long manhunt that only ended when the van they and the children were in was surrounded by police officers who had their guns drawn. Respondents embarked on this journey without the children's medications, and the children reported that they did not have enough to eat, that they were forced to sleep in the van and to urinate in bottles, and that at least two of them were beaten. Respondents' decision to subject the children to this harrowing ordeal and their inability to appreciate the traumatic effect it had on the children—as well as the father's inability to spend even one week with the children without resorting to corporal punishment—constituted clear and convincing evidence that respondents did not benefit from services (*id.*).

The preponderance of the evidence supports Family Court's determination that termination of respondents' parental rights is in the best interests of the children, as the children have been in stable and loving foster homes for several years, all of their basic needs are being met and their foster parents want to adopt them (*Matter of Jayvon Nathaniel L. [Natasha A.]*, 70 AD3d 580 [1st Dept 2010]). The circumstances presented do not warrant a suspended judgment (*id.*). Concur—Tom, J.P., Mazzarelli, Andrias, Manzanet-Daniels and Webber, JJ.