Matter of Evan J. (Donavan J.) (2018 NY Slip Op 07655)





Matter of Evan J. (Donavan J.)


2018 NY Slip Op 07655


Decided on November 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2018

Sweeny, J.P., Manzanet-Daniels, Gische, Gesmer, Singh, JJ.


7575

[*1]In re Evan J., A Dependent Child Under the Age of Eighteen Years, etc., Donavan J., Respondent-Appellant, Saint Dominic's Home, Petitioner-Respondent.


John R. Eyerman, New York, for appellant.
Warren & Warren, P.C., Brooklyn (Ira L. Eras of counsel), for respondent.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the child.



Order, Family Court, Bronx County (Valerie Pels, J.), entered on or about March 21, 2017, which, upon a finding of permanent neglect, terminated respondent father's parental rights to the subject child, and transferred custody of the subject child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.
The finding of permanent neglect is supported by clear and convincing evidence (Social Services Law § 384-b[7], [3][g]). The record shows that the agency exerted diligent efforts to encourage and strengthen the father's relationship with the child by referring him to counseling, domestic violence, parenting, and drug treatment programs, advising him of the need to attend and complete such programs, and facilitating regular visitation with the child (see e.g. Matter of Nejia C. [Kevin E.C.-Laurel S. McC.], 155 AD3d 431 [1st Dept 2017]; Matter of Felicia Malon Rogue J.[Lena J.], 146 AD3d 725 [1st Dept 2017]).
The father engaged in some of the services to which he was referred and completed domestic violence and parenting programs. However, despite the agency's diligent efforts, during the statutorily relevant period, he failed to meaningfully address the problems leading to the child's placement, particularly, his domestic violence issue. Indeed, notwithstanding having attended a domestic violence program, the father was arrested and incarcerated for assaulting the mother in violation of an order of protection, and posted threatening comments on social media directed at the foster mother (see Matter of Nathaniel T., 67 NY2d 838, 840 [1986]; Matter of Cerenithy B.[Ecksthine B.], 149 AD3d 637, 638 [1st Dept 2017], lv denied 29 NY3d 1106 [2017]; Matter of Charles Jahmel M.[Charles E.M.], 124 AD3d 496 [1st Dept 2015], lv denied 25 NY3d 905 [2015]). The father also failed to visit the child consistently. The agency was not a guarantor of the father's success in overcoming his predicament (see Matter of Sheila G., 61 NY2d 368, 385 [1984]).
Nor did the court abuse its discretion in denying the father's counsel's request for a continuance to secure further testimony from a former caseworker whose progress notes were admitted into evidence (see generally Matter of Steven B., 6 NY3d 888 [2006]; Matter of Isaac Howard M. [Fatima M.], 90 AD3d 559, 560 [1st Dept 2011], lv dismissed, denied 18 NY3d 975 [2012]). The caseworker had abruptly resigned and moved out of state where she was not amenable to service of a subpoena.
A preponderance of the evidence at the dispositional hearing supports the finding that the child's best interests would be served by terminating the father's parental rights (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]) so as to facilitate the child's adoption by his [*2]kinship foster mother, with whom he has lived since the age of four months, and with whom he is well-cared for and thriving (see Matter of Nephra P.[John Lee P.], 149 AD3d 642 [1st Dept 2017]).
Contrary to the father's argument, especially in light of his lack of insight or meaningful progress over a period of several years, a suspended judgment was unwarranted (see Matter of Walter D.H.[Zaire L.], 91 AD3d 950, 951 [2d Dept 2012]). Termination of the father's parental rights, freeing the child for adoption, would provide the child with the opportunity to have a permanent family situation.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 13, 2018
CLERK