Matter of Messiah G. (Giselle F.) (2019 NY Slip Op 00045)





Matter of Messiah G. (Giselle F.)


2019 NY Slip Op 00045


Decided on January 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 3, 2019

Sweeny, J.P., Gische, Kahn, Oing, Singh, JJ.


8005 8004

[*1]In re Messiah G., A Dependent Child Under Eighteen Years of Age, etc., Giselle F., Respondent-Appellant, Catholic Guardian Services, Petitioner-Respondent.


Geoffrey P. Berman, Larchmont, for appellant.
Magovern & Sclafani, Mineola (Joanna M. Roberson of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Riti P. Singh of counsel), attorney for the child.



Appeal from order, Family Court, New York County (Adetokunbo O. Fasanya, J.), entered on or about July 14, 2017, which, upon respondent mother's default at the dispositional hearing, found that respondent permanently neglected the subject child, and terminated her parental rights to the child and transferred custody of the child to petitioner agency for purposes of adoption, unanimously dismissed, without costs. Order, same court and Judge, entered on or about September 29, 2017, which denied respondent's motion to vacate her default, unanimously affirmed, without costs.
To the extent respondent appeals from the permanent neglect finding set forth in the dispositional order, the appeal must be dismissed as untimely (see Family Court Act § 1113; Matter of Rashi-Malik Olatunji G. [Quashi G.], 121 AD3d 540 [1st Dept 2014], lv denied 24 NY3d 913 [2015]).
In support of her motion to vacate her default, respondent failed to demonstrate a reasonable excuse for the default and a potentially meritorious defense (see CPLR 5015[a][1]; Matter of Arianna-Samantha Lady Melissa S. [Carissa S.], 134 AD3d 582, 583 [1st Dept 2015], lv dismissed in part, denied in part 27 NY3d 952 [2016]). Her proffered excuses - that she was unaware of the hearing date and that she was overcome with grief at the death of her grandmother - are supported only by the uncorroborated affirmation of counsel without personal knowledge of the facts (see Matter of Lenea'jah F. [Makeba T.S.], 105 AD3d 514 [1st Dept 2013]; Matter of Chelsea Antoinette A. [Anna S.], 88 AD3d 627 [1st Dept 2011]). Respondent's claim to have been unaware of the hearing date is also belied by the record (see Matter of Christina McK. v Kyle S., 154 AD3d 548 [1st Dept 2017]). If she misplaced the paper on which she had written the date, she should have reached out to her attorney or to the agency for assistance (see Matter of Jenny F. v Felix C., 121 AD3d 413 [1st Dept 2014]). Respondent also failed to explain how the death of her grandmother nearly one month earlier prevented her from attending the hearing - especially since she claims she went to court two days before the hearing, on the date of her grandmother's memorial service.
In any event, clear and convincing evidence established that respondent permanently neglected the child despite the agency's diligent efforts (see Social Services Law § 384-b[3][g][i], [7][a], [f]; Matter of Star Leslie W., 63 NY2d 136 [1984]). The agency scheduled regular visitation and planning meetings, made appropriate referrals, and repeatedly explained the importance of compliance with the service plan (see Matter of Christian D. [Marian R.], 157 [*2]AD3d 599 [1st Dept 2018], lv denied 31 NY3d 904 [2018]; Matter of Essence T.W. [Destinee R.W.], 139 AD3d 403, 404 [1st Dept 2016]). However, respondent's attendance at visits was inconsistent (see Matter of Lihanna A. [Marcella H.], 140 AD3d 404, 404 [1st Dept 2016], lv denied 28 NY3d 904 [2016]), she failed to take advantage of the recommended services (see Matter of Micah Zyair F.W. [Tiffany L.], 110 AD3d 579, 579 [1st Dept 2013]), and she repeatedly refused to acknowledge the need for substance abuse or mental health treatment, demonstrating a lack of insight into the conditions that led to the child's removal (see Matter of Nathaniel T., 67 NY2d 838 [1986]). The Family Court also properly drew a negative inference from respondent's failure to testify on her own behalf (see Matter of Alford Isaiah B. [Alford B.], 107 AD3d 562, 562 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 3, 2019
CLERK