Matter of Stefano E.W. (Stephan J.W.) (2019 NY Slip Op 03604)





Matter of Stefano E.W. (Stephan J.W.)


2019 NY Slip Op 03604


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-04780
 (Docket No. B-4897-14)

[*1]In the Matter of Stefano E.W. (Anonymous). Seamen's Society for Children and Families, respondent; Stephan J.W. (Anonymous), et al., appellants.


Warren S. Hecht, Forest Hills, NY, for appellant Stephan J. W.
Anthony DeGuerre, Staten Island, NY, for appellant Janet L. J. G.
John R. Eyerman, New York, NY, for respondent.
Janet E. Sabel, New York, NY (Dawne Mitchell and Riti P. Singh of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the parents separately appeal from an order of disposition of the Family Court, Richmond County (Karen Wolff, J.), dated April 16, 2018. The order of disposition, after fact-finding and dispositional hearings, found that the parents permanently neglected the subject child, terminated their parental rights, and transferred custody and guardianship to the petitioner for the purpose of adoption.
ORDERED that the order of dispostion is affirmed, without costs or disbursements.
The subject child, who was born in March 2010, entered foster care in June 2010 due to, inter alia, the parents' inadequate guardianship and the father's abuse of drugs. From March 2013 to August 2013, the parents visited the child and worked with the foster care agency, ultimately completing their service plan requirements. In August 2013, the child was trial-discharged to the parents' care, and on February 10, 2014, the discharge became final. Only six weeks later, on March 23, 2014, the child re-entered foster care due to, inter alia, the parents' inadequate guardianship and abuse of drugs.
On November 18, 2014, the petitioner commenced this proceeding to terminate parental rights on the basis of permanent neglect. After fact-finding and dispositional hearings, the Family Court determined that the parents permanently neglected the child, terminated their parental rights, and transferred custody and guardianship of the child to the petitioner for the purpose of adoption. The parents separately appeal.
Pursuant to Social Services Law § 384-b(7)(a), a permanently neglected child is "a child who is in the care of an authorized agency and whose parent or custodian has failed for a period [*2]of either at least one year or fifteen out of the most recent twenty-two months following the date such child came into the care of an authorized agency substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, although physically and financially able to do so, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship when such efforts will not be detrimental to the best interests of the child."
Here, clear and convincing evidence in the record established that for a period of 15 out of the most recent 22 months following the date the child entered foster care, the parents failed to substantially and continuously or repeatedly to maintain contact with or plan for the future of the child, notwithstanding the agency's diligent efforts to encourage and strengthen the parental relationship (see Social Services Law § 384-b[7][a]). The evidence at the fact-finding hearing demonstrated that the agency exerted diligent efforts during the relevant time period by, inter alia, working with the parents toward a discharge of the child to their care, supervising a trial discharge, and, after the child re-entered foster care, urging the parents to comply with drug screenings and services (including drug rehabilitation programs), making referrals, and arranging visitation (see Social Services Law § 384-b[7][a], [f]; Matter of Jamayla C.M. [Marcela A.C.], 163 AD3d 820, 821; Matter of Isiah M. [Teresa M.], 158 AD3d 688, 689; Matter of Shyann Jael S. [Nicole Jael L.], 146 AD3d 730, 731; Matter of Julian Raul S. [Oscar S.], 111 AD3d 456, 457; Matter of Zechariah J. [Valrick J.], 84 AD3d 1087, 1087).
Moreover, the record established that during the relevant time period, the parents failed to plan for the future of the child, in that, despite their efforts, the parents failed to gain insight into or successfully address the problems that brought the child into foster care (see Social Services Law § 384-b[7][a], [c]; Matter of Nathaniel T., 67 NY2d 838, 842; Matter of Imani L.J. [Shaunta J.], 166 AD3d 616, 618; Matter of Isiah M. [Teresa M.], 158 AD3d at 689; Matter of Nephra P. [John Lee P.], 149 AD3d 642, 643; Matter of Senaya Simone J. [Andrea J.], 136 AD3d 434, 435; Matter of Zechariah J. [Valrick J.], 84 AD3d at 1088).
Contrary to the father's contention, the fact that the child was discharged from foster care from February 10, 2014, to March 23, 2014, does not preclude a finding of permanent neglect under Social Services Law § 384-b(7)(a) (see Social Services Law § 384-b[7][a]).
Further, the record of the dispositional hearing supports the Family Court's determination, by a preponderance of the evidence, that it was in the best interests of the child to terminate parental rights and free him for adoption (see Matter of Star Leslie W., 63 NY2d 136, 147-148; Matter of Nephra P. [John Lee P.], 149 AD3d at 643; Matter of Senaya Simone J. [Andrea J.], 136 AD3d at 435; Matter of Dayjore Isaiah M. [Dominique Shaniqua M.], 109 AD3d 745, 745). Contrary to the father's contention, the circumstances presented did not warrant a suspended judgment.
The parents' remaining contentions are without merit.
MASTRO, J.P., BALKIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court