Matter of S.T.S.M. (S.M.) (2019 NY Slip Op 09093)





Matter of S.T.S.M. (S.M.)


2019 NY Slip Op 09093


Decided on December 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Kapnick, González, JJ.


10604

[*1] In re S. T. S. M., and Another, Dependent Children Under the Age of Eighteen Years, etc., Forestdale, Inc., Petitioner-Appellant, S. M., Respondent-Respondent.


Rosin Steinhagen Mendel PLLC, New York (Melissa Wagshul of counsel), for appellant.
The Bronx Defenders, Bronx (Elizabeth Newman of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the children.



Order, Family Court, Bronx County (Ruben A. Martino, J.), entered on or about January 9, 2019, which, upon a fact-finding determination that petitioner agency failed to demonstrate by clear and convincing evidence that respondent mother permanently neglected the subject children, dismissed the petition to terminate respondent's parental rights, unanimously reversed, on the law, without costs, the petition reinstated, finding of permanent neglect entered against respondent, and the matter remanded to Family Court for disposition.
Petitioner demonstrated by clear and convincing evidence that it exercised diligent efforts to encourage and strengthen respondent's parental relationship with the subject children and that, notwithstanding these efforts, respondent failed to plan for the children's future (see Social Services Law § 384-b[7][a]; Matter of Star Leslie W., 63 NY2d 136, 142 [1984]). The agency created a service plan for respondent, referring her for services, arranging for supervised visits, and following up with her and the subject children. However, respondent cancelled approximately half of the visits scheduled with the children (see Matter of Heaveah-Nise Stephania Jannah H. [Stephanie M.], 132 AD3d 458 [1st Dept 2015]). Moreover, she failed to visit the children at all during two prolonged periods, one seven weeks long and the other four months, despite being aware of the emotional toll her absence was taking on the children (see Matter of Jayden Isaiah O. [Rossely R.-O.], 144 AD3d 465 [1st Dept 2016], lv denied 28 NY3d 911 [2017]).
In addition, while respondent partially complied with her service plan by completing some referred programs, she failed to engage in individual counseling on a consistent basis, submit to random drug tests, complete domestic violence counseling before the date of the [*2]petition, and attend special education meetings for her children, which shows a lack of planning for the children's future (see Matter of Selvin Adolph F. [Thelma Lynn F.], 117 AD3d 495, 498 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 19, 2019
CLERK