Matter of Nelson M.L. v Nilsa L. (2021 NY Slip Op 03812)





Matter of Nelson M.L. v Nilsa L.


2021 NY Slip Op 03812


Decided on June 15, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 15, 2021

Before: Renwick, J.P., Kern, Singh, Moulton, JJ. 


Docket No. B-16129/14 Appeal No. 14054 Case No. 2020-02813 

[*1]In the Matter of Nelson M.L., A Child Under the Age of Eighteen Years, etc., SCO Family of Services, Petitioner-Appellant,
v
Nilsa L., Respondent-Respondent.


Leventhal, Mullaney & Blinkoff, LLP, Roslyn (Jeffrey L. Blinkoff of counsel), for appellant.
Wilmer Cutler Pickering Hale and Dorr LLP, New York (Jeffery Allen Habenicht of counsel), for respondent.
Larry S. Bachner, New York, attorney for the child.



Order, Family Court, Bronx County (Alma M. Gomez, J.), entered on or about February 18, 2020, which, upon a fact-finding determination that petitioner agency failed to demonstrate by clear and convincing evidence that respondent mother permanently neglected the subject child, dismissed the petition to terminate respondent's parental rights, unanimously reversed, on the law and the facts, without costs, the petition reinstated, a finding of permanent neglect entered against respondent, and the matter remanded for a dispositional hearing.
The agency demonstrated by clear and convincing evidence that, notwithstanding its diligent efforts to encourage and strengthen respondent's parental relationship with the child, respondent failed to plan for the child's future (see Social Services Law § 384-b[7][a]; Matter of Star Leslie W., 63 NY2d 136, 142 [1984]). The agency created a service plan for respondent, referring her for services, arranging for supervised visits, and following up with her. Contrary to respondent's contention, the agency's efforts were reasonable and it could not be charged with a guarantee that she would succeed in overcoming her predicaments (see Matter of Kaleemah Shaleah M., 6 AD3d 189, 191 [1st Dept 2004]). Respondent also failed to visit the child regularly and missed nearly forty percent of the scheduled visits (see Matter of Heaveah-Nise Stephania Jannah H. [Stephanie M.], 132 AD3d 458, 458 [1st Dept 2015]).
Furthermore, respondent failed to comply with her service plan by completing the anger management and parenting skills programs during the relevant statutory period. She misrepresented to the agency that she was enrolled in mental health services, even though she had not completed a full intake with a provider, and did not admit to not being engaged in mental health services until approximately six months later. All of these show a lack of planning for the child's future (see Matter of Selvin Adolph F. [Thelma Lynn W.], 117 AD3d 495, 498 [1st Dept 2014]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 15, 2021