Matter of Justice V. (Stephanie M.--Ricardo V.) (2021 NY Slip Op 05839)





Matter of Justice V. (Stephanie M.--Ricardo V.)


2021 NY Slip Op 05839


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Gische, J.P., Webber, Mazzarelli, Shulman, Pitt, JJ. 


Docket No. B43944/16 Appeal No. 14486 Case No. 2021-01058 

[*1]In the Matter of Justice V., a Child Under Eighteen Years of Age, etc., New York Foundling Hospital, Petitioner-Respondent; Stephanie M., Respondent-Appellant, Ricardo V., Respondent.


Steven P. Forbes, Huntington, for appellant.
The New York Foundling Hospital Adoption and Legal Services, Long Island City (Daniel Gartenstein of counsel), for respondent.



Order, Family Court, New York County (Emily Olshansky, J.), entered on or about January 22, 2020, which, to the extent appealed from as limited by the briefs, upon a finding that respondent mother permanently neglected the subject child, terminated her parental rights and committed the custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.
Family Court correctly found that reasonable efforts on the agency's part to strengthen the parent-child relationship were unnecessary, because it is undisputed that the mother's parental rights to two of the child's older siblings had been involuntarily terminated. As a result, the burden shifted to the mother to demonstrate that further reasonable efforts were in the child's best interests, not contrary to the child's health or safety and would likely result in reunification of the family (Family Court Act § 1039-b[b]; see Matter of Skyler C. [Satima C.], 106 AD3d 816, 818 [2d Dept 2013]; Matter of Harmony P. [Christopher Q.], 95 AD3d 1608, 1609 [3d Dept 2012]). The mother failed to meet her burden.
The finding that the child was permanently neglected is supported by clear and convincing evidence that the mother failed to plan for the child's future for a period of more than one year (Social Services Law § 384-b [7][a]; see Matter of Richie N.V. [Stephanie M.], 174 AD3d 427, 428 [1st Dept 2019], lv denied 34 NY3d 901 [2019]). While the mother did attend some visits and completed a parenting skills course during the relevant time period, she failed to comply with all other aspects of her service plan or otherwise gain insight into the problems that led to the child's removal (see id; Matter of "Baby Girl" Q., 14 AD3d 392, 393 [1st Dept 2005], lv denied 5 NY3d 704 [2005]). The mother also failed to meaningfully address the problems that led to the child's placement, since she failed to complete a substance abuse program and continued to use drugs (see Matter of Lihanna A. [Marcella H.], 140 AD3d 404, 404 [1st Dept 2016], lv denied 28 NY3d 904 [2016]).
A preponderance of the evidence supports Family Court's determination that termination of the mother's parental rights is in the best interests of the child, who has been living with the foster mother for the child's entire life (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]; Matter of Taaliyah Simone S.D., 28 AD3d 371, 371 [1st Dept 2006]). The foster mother wants to adopt the child and meets the child's special needs (see Matter of Isaiah Jaysean J. [Cierra Tassandra J.], 128 AD3d 438 [1st Dept 2015], lv denied 25 NY3d 911 [2015]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021