Matter of Samiyah C.B.H. (Sammy H.) (2023 NY Slip Op 02971)

Matter of Samiyah C.B.H. (Sammy H.)

2023 NY Slip Op 02971

Decided on June 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2023

Before: Kapnick, J.P., Oing, Moulton, Kennedy, Mendez, JJ. 

Docket No. B2608-9/21 Appeal No. 406-406A Case No. 2022-03095 

[*1]In the Matter of Samiyah C.B.H., and Another, Children Under Eighteen Years of Age, etc., Sammy H. Respondent-Appellant, Forestdale, Inc., Petitioner-Respondent.

Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
Rosin Steinhagen Mendel PLLC, New York (Douglas H. Reiniger of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Riti P. Singh of counsel), attorney for the children.

Orders of fact-finding and disposition, Family Court, Bronx County (David Kaplan, J.), entered on or about June 14, 2022, which, to the extent appealed from, after a hearing, determined that respondent father permanently neglected the subject children, terminated his parental rights and committed custody and guardianship of the children to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.
The finding of permanent neglect was supported by clear and convincing evidence (Social Services Law § 384-b[7][a]). The agency made diligent efforts to encourage and strengthen the father's relationship with the children by, among other things, referring him to parenting classes, drug screening, and mental health and substance abuse treatment programs, and by scheduling visitation with the children (see Matter of Christian D. [Marian R.], 157 AD3d 599, 599 [1st Dept 2018], lv denied 31 NY3d 904 [2018]; Matter of Lihanna A. [Marcella H.], 140 AD3d 404, 404 [1st Dept 2016], lv denied 28 NY3d 904 [2016]). Despite these diligent efforts, the father failed to meaningfully engage in the services, continued to test positive for prescription drugs while refusing to provide a valid prescription or authorization for the agency to obtain his medical information, and failed to visit the children regularly (see Matter of Justice V. [Stephanie M.], 198 AD3d 586, 586 [1st Dept 2021]; Matter of Alexis Alexandra G. [Brandy H.], 134 AD3d 547, 548 [1st Dept 2015]). Even if the father's physical ailments prevented him from attending in-person visits, no explanations were given for his failure to attend the virtual visits.
The determination that it was in the best interests of the children to terminate the father's parental rights and free the children for adoption was supported by a preponderance of the evidence (see Matter of Star Leslie W., 63 NY2d 136, 147-148 [1984]). It is clear that the father had no feasible plan for the children's future, and the foster parents, with whom the children have bonded, have provided the children with a stable and loving home, met their special needs, and wished to adopt them (see Matter of Nahzzear Y.G. [Tanisha N.], 172 AD3d 526, 527 [1st Dept 2019], lv denied 33 NY3d 1113 [2019]; Matter of Unique M. [Veronica A.], 154 AD3d 590 [1st Dept 2017], lv denied 30 NY3d 909 [2018]).
The father lacks standing to raise the argument that the mother should have been granted a suspended judgment (see Matter of Christian C.-B. [Christopher V.B.], 148 AD3d 1775, 1775-1776 [1st Dept 2017], lv denied 29 NY3d 917 [2017]). In any event, any request for a suspended judgment is unpreserved and, even if preserved, a suspended judgment would not have been warranted (see Matter of Matthew Louis S. [Raymond R.], 150 AD3d 430, 431 [1st Dept 2017], lv denied 29 NY3d 913 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST [*2]DEPARTMENT.
ENTERED: June 6, 2023