Matter of Sonayah M. (Nathaniel M.) (2024 NY Slip Op 06277)

Matter of Sonayah M. (Nathaniel M.)

2024 NY Slip Op 06277

Decided on December 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 12, 2024

Before: Kern, J.P., Kapnick, González, Mendez, O'Neill Levy, JJ. 

Docket No. B-01708/18 Appeal No. 3234 Case No. 2022-03431 

[*1]In the Matter of Sonayah M., A Dependent Child Under Eighteen Years of Age, etc., Nathaniel M., Respondent-Appellant, Graham Windham Services for Families and Children, Petitioner-Respondent.

Daniel R. Katz, New York, for appellant.
The Law Offices of James Cortazzo, P.C., Mineola (Dwight A. Kennedy of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the children.

Order of disposition, Family Court, New York County (Valerie Pels, J.), entered December 23, 2021, which, upon a finding of permanent neglect, terminated respondent father's parental rights to the subject child and committed the custody of the child to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.
A preponderance of the evidence supports the court's determination that the child's best interests would be served by terminating the father's parental rights (see Matter of Anissa Jaquanna Aishah H. [Gregory C.], 159 AD3d 516, 516 [1st Dept 2018]; see also Matter of Mykle Andrew P., 55 AD3d 305, 306 [1st Dept 2008]). The child has lived with her foster mother for over 10 years, and the two have developed a strong bond (see Matter of Heaveah-Nise Stephania Jannah H., 132 AD3d 458, 459 [1st Dept 2015]). Although the child has a loving relationship with the father, his refusal to acknowledge his need for mental health treatment demonstrated a lack of insight into the conditions that led to the child's removal, and he has failed to address the fact that his lack of consistent mental health treatment constitutes a barrier to reunification (see Matter of Messiah G. [Giselle F.], 168 AD3d 420, 421 [1st Dept 2019]; Matter of Joaquin Enrique C., III, 79 AD3d 548, 549 [1st Dept 2010]).
A suspended judgment was not warranted here. Although the father faced legitimate challenges in attending his visits with the child, he was inconsistent in visiting her even when he had stable housing and employment, and he acknowledged that fact (see e.g. Matter of Malcolm M.L. [Ruby C.], 177 AD3d 442, 443 [1st Dept 2019], lv denied 35 NY3d 903 [2020]). Moreover, the foster mother has provided for all of the child's needs and wishes to adopt her (see Matter of Mykle Andrew P., 55 AD3d at 306).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 12, 2024